UNITED STATES of America,
Plaintiff–Appellee,

v.

Joaquin OSPINA (93–3129) and Mary Miller (93–3353), Defendants–Appellants.

Nos. 93–3129, 93–3353.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 27, 1994.

Decided March 14, 1994.

Gary L. Spartis (briefed), Office of the U.S. Atty., Columbus, OH, for the U.S.

Victor D. Merullo (briefed), Merullo, Reister & Swinford, Columbus, OH, for Joaquin Ospina.

Joseph D. Reed (briefed), Columbus, OH, for Mary Miller.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

Defendant Joaquin Ospina appeals his conviction, following his plea of guilty to carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Defendant Mary Miller appeals her conviction, pursuant to a guilty plea, and sentence for conspiracy to distribute and possession with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. We **AFFIRM** the convictions of both defendants and the sentence imposed on Miller.

Although this appeal is consolidated, the issues presented and facts relevant to the issues do not overlap; therefore, we discuss the issues and pertinent facts defendant-by-defendant. Now we turn to defendant Ospina, who challenges his conviction on two grounds: (1) that his guilty plea was involuntary and in violation of Fed.R.Crim.P. 11(c)(1) because the district court informed him that it *could* require him to serve the sentence after completion of his state sentence when in fact the statute requires that it *must* be served after completion of his state sentence; and (2) that 18 U.S.C. § 924(c)(1) requires a sentence be served consecutively as to other federal sentences but not as to state sentences.

## I.

The indictment charged Ospina with conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine, possession of a firearm during and in relation to a drug trafficking offense, and possession with intent to distribute over five kilograms of cocaine. Ospina pleaded guilty to the firearm charge and was sentenced to a five-year term of imprisonment to be served after completion of the state sentence defendant was then serving.[1]

At the plea hearing, an agent of the Special Investigation Unit of the Franklin County Sheriff's Department testified that a member of the Department purchased one kilogram of cocaine on November 21, 1990, and that defendant Joaquin Ospina delivered that cocaine. After the purchase, a warrant to search Ospina's residence was issued, and the search revealed two firearms, a .357 caliber Smith and Wesson pistol and a .45 caliber Colt pistol. At the time of his plea, Ospina admitted that he carried a firearm during and in relation to the sale of cocaine. J.A. at 454.

### A. Compliance with Rule 11

Fed.R.Crim.P. 11(c)(1) provides in pertinent part that the court must inform the defendant prior to accepting a guilty plea, of:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact

---

1. The Franklin County Court of Common Pleas sentenced Ospina on August 21, 1991, on two counts of aggravated trafficking of cocaine to a term of imprisonment of fifteen years to life on each count to run consecutively.

that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

Fed.R.Crim.P. 11(c)(1). Thus, a court is required to inform a defendant of the "maximum possible penalty." Here, the trial court informed Ospina that a five-year mandatory sentence of imprisonment was required under the statute. It then advised the defendant that it could order that Ospina serve the five-year mandatory sentence consecutively. Ospina contends that because the district court used discretionary rather than mandatory language in discussing whether the sentence would run consecutively, his plea was unknowing.

 Initially, we note that there is no requirement in Fed.R.Crim.P. 11 that the court explicitly admonish a defendant that a sentence may be imposed consecutively. *Paradiso v. United States*, 482 F.2d 409 (3d Cir.1973). Secondly, even if we were inclined to agree with defendant's argument that the district court's failure to state in open court that the mandatory sentence would be served after completion of the state sentence, Fed. R.Crim.P. 11(h) provides that a variation from the procedures required by the rule shall be disregarded unless it affects a substantial right. *See United States v. Williams*, 899 F.2d 1526 (6th Cir.1990) (holding failure to tell defendant during plea hearing that supervised release was mandatory constituted harmless error because notice of supervised release contained in plea agreement and defendant did not claim lack of knowledge of requirement). *Cf. United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992) (vacating a guilty plea for failure to advise defendant of elements of charges against him and advise defendant of term of supervised release). Here, the facts do not support a finding that a substantial right was affected. Rather, they reveal that the defendant knew the mandatory sentence would not run concurrently with his state sentence.

During the Rule 11 plea colloquy, the district court questioned the defendant about the penalty for the offense to which he pleaded guilty. The district court indicated that the sentence was a mandatory five-year imprisonment. Counsel for the government stated that the penalty statement given to the court by counsel stated that the penalty was a consecutive one because the defendant was currently serving a state court sentence. Consequently, the district court asked the defendant if he understood the court must impose the mandatory five years in prison and if he understood that the court "can order that the sentence be served consecutive to or after any other state or federal sentence of imprisonment...." J.A. at 446. Thus, defendant knew before pleading guilty that he could be sentenced to a five-year term of imprisonment to be served upon completion of his state term of imprisonment. His knowledge relegates any error to the harmless category because no substantial right was affected by the district court's word choice. *See United States v. Sanclemente–Bejarano*, 861 F.2d 206, 210 (9th Cir. 1988) (district court's failure to comply with Rule 11(c)(1) in understating maximum penalty was harmless because defendant knew he could be sentenced to a term as long as that which he received).

In addition, we note that the presentence report explicitly stated that "due to the statutory mandate of a 5 years consecutive sentence, application of [an adjustment for defendant's role in the offense] is not applicable in determining the defendant's ultimate sentence." J.A. 188–89. Defendant raised no objection to this portion of the report. The absence of any objection to this recommendation further supports a finding that defendant knew the sentence would run consecutively. *See United States v. Carey*, 884 F.2d 547 (11th Cir.1989), *cert. denied*, 494 U.S. 1067, 110 S.Ct. 1786, 108 L.Ed.2d 787 (1990) (failure to notify defendant during Rule 11 colloquy of supervised release constituted harmless error where supervised release was in presentence report which was reviewed by defendant).

Finally, at the sentencing, counsel for the defendant stated that the defendant "knows that he pled guilty to a five-year mandatory consecutive sentence, and though he is hope-

ful that there was a possibility that that sentence could be run concurrently," counsel was unable to cite the court to any law to provide a rational basis for defendant's subjective expectation. J.A. at 462. Accordingly, we find that no basis to vacate defendant's guilty plea is presented in this case.

### B. Applicability to State Sentence

■ Ospina's second ground for vacating his sentence is also without merit. Section 924(c)(1) states in part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime ... be sentenced to imprisonment for five years, ... *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment* including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried....
>
> (2) For purposes of this subsection, the term "drug trafficking crime" means any felony *punishable* under the Controlled Substances Act....

18 U.S.C. §§ 924(c)(1), (2) (emphasis added).

Ospina asserts that the trial court misinterpreted the language "any other term of imprisonment" to mean a sentence resulting from either a federal or state court conviction. Ospina submits that the underlying offense must be a federal offense. As evidence in support of his position, Ospina cites legislative history which states that:

> Subsection 924(c) should be completely revised to ensure that all persons who commit *Federal crimes of violence,* including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon, receive a mandatory sentence, without the possibility of the sentence being made

to run concurrently with that for the underlying offense or for any other crime and without the possibility of a probationary sentence or parole.

H.R.Rep. No. 98–1030, 98th Cong., 2d Sess. 4 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 1491 (footnote omitted) (emphasis added).

It is well settled that the first step in determining statutory construction is to review the language of the statute itself. *United States v. Johnson,* 855 F.2d 299, 305 (6th Cir.1988). " '[O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language.' " *Id.* (quoting *Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984)). Here our inquiry is complete after reading the statute. No "extraordinary showing of contrary intentions" is made. Ospina's reliance on a single isolated bit of legislative history is repudiated by the statute which unequivocally states the five-year sentence shall not run "concurrently with any other term of imprisonment...." The phrase "any other term of imprisonment" is not ambiguous—it is simply broad. There is no basis to read a qualification into the statute, limiting its applicability to federal crimes. Ospina's argument disregards the clear language of the statute. The meager support in the legislative history for a restrictive reading does not withstand scrutiny in light of the clarity of the statutory language itself.[2]

■ Nor does it withstand scrutiny in light of the expansiveness of the statutory language. The language includes crimes "for which [the defendant] *may be prosecuted,*" 18 U.S.C. § 924(c)(1) (emphasis added), and "felonies *punishable* under the Controlled Substance Act ...," 18 U.S.C. § 924(c)(2) (emphasis added), *not to convictions* under the Act. Accordingly, we conclude that not only can the mandatory five-year sentence be

---

**2.** We also note that defendant's interpretation of the statute conflicts with congressional intent to punish anyone who uses a weapon in the commission of a crime of violence or drug trafficking. When the Supreme Court held in *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), that a defendant may not

receive a § 924(c) enhancement for a crime which provided its own firearm enhancement, Congress responded by amending the statute to provide for an additional penalty even to those offenses carrying firearm enhancements. *See United States v. Hill,* 971 F.2d 1461, 1466 (10th Cir.1992).

imposed consecutive to a term of imprisonment imposed by a state court, it can be imposed in the absence of any conviction of an underlying drug offense. *See United States v. Frayer,* 9 F.3d 1367, 1371 (8th Cir.1993); *United States v. Hill,* 971 F.2d 1461, 1467 (10th Cir.1992); *United States v. Laing,* 889 F.2d 281, 288 (D.C.Cir.1989), *cert. denied,* 494 U.S. 1069, 110 S.Ct. 1790, 108 L.Ed.2d 792 (1990); *United States v. Hunter,* 887 F.2d 1001, 1003 (9th Cir.1989), *cert. denied,* 493 U.S. 1090, 110 S.Ct. 1159, 107 L.Ed.2d 1062 (1990). To establish the required predicate, the fact of the offense rather than a conviction is all that is necessary. *United States v. Munoz–Fabela,* 896 F.2d 908, 911 (5th Cir.), *cert. denied,* 498 U.S. 824, 111 S.Ct. 76, 112 L.Ed.2d 49 (1990).[3]

Further evidence that we have reached the correct result may be found in the Sentencing Guidelines which recognize in U.S.S.G. § 2K2.4(a) that "if the defendant, *whether or not convicted of another crime, was convicted under 18 U.S.C . . . . § 924(c),* the term of imprisonment is that required by statute." (emphasis added).

Accordingly, we find no reason to vacate Ospina's plea of guilty to carrying a firearm in relation to a drug trafficking offense.

## II.

We now address Miller's claims. The indictment charged Miller with conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine, interstate travel in the aid of a racketeering enterprise and possession with the intent to distribute over five kilograms of cocaine. Miller pleaded guilty to conspiracy to distribute over five kilograms of cocaine. She appeals her conviction, claiming the prosecution violated her right to due process. She also claims the trial court clearly erred in finding that she was a manager of the conspiracy.

### A. Violation of Due Process

■ Miller claims that the federal prosecution, initiated because of law enforcement personnel's dissatisfaction with the dismissal of state charges of aggravated trafficking, violated her right to due process. Miller never raised this objection in the district court.

Under Fed.R.Crim.P. 12(b)(1), defects arising out of the institution of the prosecution must be raised prior to trial. In *United States v. Oldfield,* 859 F.2d 392 (6th Cir.1988) (holding that a defendant must raise challenges based on alleged defects in the indictment before trial), we held that the policy behind the rule is twofold: restriction of "sandbagging" by the defense to create a basis for a post conviction motion; and resolution of legal questions prior to the expense of trial. *Id.* at 397. We find the policy similarly compelling in this case; therefore, we hold that Miller's failure to raise this objection in a timely fashion precludes our review of this issue.

### B. Finding that Miller was a Manager

■ Under U.S.S.G. § 3B1.1(b), a defendant's base offense level can be increased by three levels if he acted as a "manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive." The commentary to this section lists factors that a court may consider in determining a leadership role including: decision making, nature of participation, recruitment of accomplices, share of profits, degree of planning of the offense, nature and scope of the criminal activity, and control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n. 4).

According to Miller, the evidence presented at the sentencing hearing by the government on the issue of her role in the offense failed to meet the minimal standard of reliability. We review the trial court's finding of fact regarding relevant conduct under the clearly erroneous standard. 18 U.S.C. § 3742. The decision to enhance Miller's offense level as a result of her role in the conspiracy is not clearly erroneous. The tri-

---

**3.** Even if we were to adopt the view of the Fifth Circuit, that the defendant's guilty plea in the state court was insufficient to establish the predicate drug trafficking offense; *United States v.* *Wilson,* 884 F.2d 174, 176 (5th Cir.1989), here, the defendant admitted that he delivered cocaine. J.A. at 454. Therefore, the fact of the offense is established.

al court found the testimony of Annette. Tobin, a coconspirator, to be credible. Her testimony showed that Miller arranged for the storage of cocaine in Columbus, rented apartments for the Colombian participants, recruited people into the conspiracy and supervised those recruits. The trial court noted that Miller was near the top of the hierarchy among non-Colombians, and that she was the direct link between the Colombians and the Columbus participants. Finally the trial court found the enterprise involved five or more participants.

Miller's argument ignores these factors, all proper considerations in determining her role in the conspiracy and claims that because not all of the factors listed in the commentary were applicable, enhancement was erroneous. There is no requirement, however, that each factor be met. Here, the evidence supported the findings reached by the district court. Accordingly, we affirm Miller's sentence.

In sum, we **AFFIRM** the convictions of both Ospina and Miller and the sentence imposed on Miller.