41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra Lee SMALLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1575.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: LIVELY and SUHRHEINRICH, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Sandra Lee Smalley appeals a district court judgment denying her motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smalley pleaded guilty in the district court to a single count of use of a firearm during and in relation to a drug trafficking violation in 1991, and was sentenced to 5 years of imprisonment. Thereafter, Smalley filed her motion to vacate sentence in the district court alleging that: (1) police conducted an illegal search of her vehicle at the time of her arrest; and (2) no requisite underlying drug trafficking conviction supports her conviction for use or possession of a firearm during and in relation to a drug trafficking violation. The government responded in opposition, and the district court denied the motion as without merit.
 
 
 4
 On appeal, petitioner reiterates the claims asserted in the district court and contends that she agreed to plead guilty to possession rather than use of a firearm in relation to a drug trafficking offense and that the government did not apprise the district court of mitigating circumstances in her case at sentencing. Upon consideration, we affirm the district court's judgment for the reasons stated in its order filed May 10, 1994. First, petitioner's nonjurisdictional Fourth Amendment claim was waived by her guilty plea. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). Second, this court recently decided that a conviction for use or possession of a firearm during and in relation to a drug trafficking offense need not be supported by an underlying drug trafficking charge or conviction. See United States v. Ospina, 18 F.3d 1332, 1335-36 (6th Cir.), cert. denied, 114 S.Ct. 2721 (1994). Finally, the additional claims asserted by petitioner on appeal were not asserted in the district court and will not be addressed on appeal in the first instance. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation