51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Alan MURPHY, Defendant-Appellant.
 No. 94-5762.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: LIVELY, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Danny Alan Murphy, a pro se federal prisoner, appeals a district court judgment denying his motion to set aside and reenter judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990 Murphy was convicted of possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1), and of using firearms (A MAC 10 automatic submachine gun and a Walther PPK AE 9mm handgun) during a drug trafficking offense, in violation of 924(c)(1). He was sentenced to 6 months on the possession conviction and 360 months on the firearms conviction. On appeal, a panel of this court reversed Murphy's drug conviction, affirmed the firearms conviction as to the Walther PPK, but reversed as to the MAC 10 submachine gun. It thus remanded the case for retrial as to the drug charge and resentencing as to the weapons conviction. United States v. Murphy, Case No. 90-6400 (6th Cir. Dec. 19, 1991). On March 19, 1993, Murphy was sentenced to 60 months of imprisonment. Thereafter, Murphy's counsel filed an untimely notice of appeal and the district court denied Murphy's motion for an extension of time to file the notice of appeal. Subsequently, the court denied Murphy's supplemental motion for extension, and two motions to reconsider its judgment denying his original motion for an extension of time to file the notice of appeal. Thereafter, the district court denied yet another motion to reconsider and a panel of this court affirmed that decision. United States v. Murphy, Case Nos. 93-5919 and 93-6099 (6th Cir. March 7, 1994).
 
 
 3
 In his current motion to set aside and reenter the amended judgment of March 19, 1993, Murphy argues that this court erred in affirming his firearms conviction regarding the Walther PPK handgun because he was not convicted for a drug trafficking offense. In addition, Murphy argues that this court's decision affirming his conviction conflicts with the Fifth Circuit's decision in United States v. Onick, 889 F.2d 1425 (5th Cir.1989), and the Supreme Court's decision in Smith v. United States, 113 S.Ct. 2050 (1993).
 
 
 4
 The district court denied the motion as without merit. On appeal, Murphy argues that the district court should have granted his motion because his counsel did not file a timely notice of appeal from the amended judgment. He also argued that the government used testimony relating to marijuana sales outside the period charged in the indictment in an attempt to establish his guilt for the charged offense.
 
 
 5
 Upon review, we conclude that the district court properly denied Murphy's motion to set aside and reenter judgment whether we construe it as a motion for relief from judgment under Fed.R.Civ.P. 60(b) or as a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. Construed as a motion to vacate under Rule 60(b), the district court did not abuse its discretion in denying the motion as there is no basis for relief under the rule. None of the six subsections applies as Murphy merely seeks to relitigate issues already decided on direct appeal. However, a defendant may not relitigate issues that were raised and considered in his direct appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam). Murphy's argument that his weapons conviction should be vacated because he was not convicted for a drug trafficking offense was indeed addressed and rejected in his direct appeal. Murphy's claim is simply without merit as a defendant does not have to be actually convicted of a drug trafficking offense in order for him to be prosecuted for carrying a firearm in relation to a drug trafficking crime. See United States v. Nelson, 27 F.3d 199, 200 (6th Cir.1994); United States v. Ospina, 18 F.3d 1332, 1335 (6th Cir.1994).
 
 
 6
 The same principle applies to defeat Murphy's motion even if we were to construe the motion as filed pursuant to 28 U.S.C. Sec. 2255. In either case, relief was properly denied.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.