66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward MANNING, Jr., (Case No. 94-1944) Defendant-Appellant,
Jack Mance Coburn, (Case No. 94-2094) Defendant-Appellant.
 Nos. 94-1944, 94-2094.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: KENNEDY, WELLFORD and SILER, Circuit Judges.
 
 ORDER
 
 1
 John Manning and Jack Coburn bring separate, direct appeals from criminal convictions in which only sentencing guideline issues have been raised. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, John Edward Manning and Jack Coburn were named as part of a seven defendant, two count indictment for conspiring to distribute marijuana. The court eventually accepted their pleas and found each of these two defendants guilty of one count of conspiracy to possess with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). The court sentenced Manning to an 80 month term of imprisonment and Coburn to a term of 151 months. These appeals followed.
 
 
 3
 On February 19, 1994, Michigan law enforcement officials received information that Coburn had arranged for a large shipment of marijuana to be delivered to a location near South Haven, Michigan. The officers set up surveillance operations to monitor the activities of the suspects and potential drop off sites. Manning and Coburn were among those observed. They arrived at a motel occupied by another suspect and were travelling in a pick-up truck registered in Tennessee to Manning. Manning and Coburn later met with other suspects at a restaurant, and proceeded in a caravan of one semi-tractor and other pick-up trucks to a pole barn. The law enforcement officials converged on the site and arrested everyone present. A search of the semi-tractor yielded bales of marijuana with a total weight of 3,058 pounds. Officers obtained permission to search Manning's truck during the course of the arrest and discovered a loaded, semi-automatic .380 calibre handgun behind the seat in the center.
 
 
 4
 Manning and Coburn executed separate plea agreements, which the court accepted, and their cases proceeded to sentencing. Manning's base offense level of 29 was initially calculated, in part, by adding two levels pursuant to USSG Sec. 2D1.1(b)(1), an enhancement for possession of a firearm during the commission of the underlying drug offense. The district court adopted this enhancement. Coburn's base offense level was initially calculated, in part, with a four level addition pursuant to USSG Sec. 3B1.1(a), an enhancement applicable to one who was an organizer or leader of an extensive criminal activity. The district court adopted the view that Coburn's role merited only a three level addition pursuant to USSG Sec. 3B1.1(b), as a manager or supervisor.
 
 
 5
 Appellate review of a guideline sentence is generally governed by 18 U.S.C. Sec. 3742. Under Sec. 3742, this court will review de novo a sentencing court's interpretation of the guideline, but will review findings of fact for clear error only. United States v. Watkins, 994 F.2d 1192, 1195 (6th Cir.1993).
 
 
 6
 Counsel for Manning brings one assignment of error on appeal, namely, that the district court erred in calculating Manning's base offense level with the two level firearm enhancement under USSG Sec. 2D1.1(b)(1). Manning does not contest any findings of fact in this regard; rather, he contends that the district court's application of those facts to the guideline was erroneous.
 
 
 7
 USSG Sec. 2D1.1 provides for a two level increase in the base offense level of a defendant who possessed a firearm or other dangerous weapon during the commission of a drug distribution crime. The government satisfies its burden under this section once it proves that a defendant was in possession of a weapon during the commission of the offense. United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). The burden then shifts to the defendant to show that it is "clearly improbable" that the weapon was connected to the offense. United States v. Calhoun, 49 F.3d 231, 236 (6th Cir.1995). The enhancement should be applied if the weapon was present during the commission of the offense, even if not on the person of the defendant, subject to the same "clearly improbable" showing by the defendant. USSG Sec. 3B1.1, comment (n. 3). Factors this court has relied on in reviewing enhancements under this section include the nature of the underlying offense, the physical setting, the state of the weapon (loaded/operable) and the proximity of the weapon to the scene of the criminal conduct. See, e.g., United States v. Zimmer, 14 F.3d 286, 290-91 (6th Cir.1994). Where a loaded, operable weapon is close at hand to an offense in which there is some risk of contact with others, the application of the two level enhancement will not be disturbed. Id.
 
 
 8
 The undisputed facts are that Manning was arrested at a public place of business in the process of distributing a large shipment of marijuana. His loaded, operable semi-automatic .380 calibre pistol was located in his pick-up truck that he drove to the distribution point. The asserted reason for the gun's presence in truck was "protection." The district court found that, regardless of whether the gun was on Manning's person at the time of the arrest, these circumstances add up to exactly the sort of volatile mix of drugs and guns that Congress intended to discourage. We agree. Cf. Calhoun, 49 F.3d at 236-37.
 
 
 9
 Counsel for Coburn also assigns only one error on appeal, that is, that Coburn did not merit the three level enhancement under USSG Sec. 3B1.1(b). This is essentially a challenge to the district court's findings of fact.
 
 
 10
 The guidelines provide that a sentencing court may increase a defendant's offense level by three levels if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. USSG Sec. 3B1.1(b). The government bears the burden of establishing facts supporting this enhancement by a preponderance of the evidence. United States v. Gibson, 985 F.2d 860, 866 (6th Cir.), cert. denied, 113 S.Ct. 2981 (1993). The underlying factual findings are reviewed for clear error. United States v. Okayfor, 996 F.2d 116, 122 (6th Cir.) (per curiam), cert. denied, 114 S.Ct. 238 (1993).
 
 
 11
 There are seven factors to be considered in determining the defendant's role in the criminal activity: 1) the exercise of decision-making authority; 2) the nature of participation in the commission of the offense; 3) the recruitment of accomplices; 4) the claimed right to a larger share of the fruits of the crime; 5) the degree of participation in planning or organizing the offense; 6) the nature and scope of the illegal activity; and 7) the degree of control and authority exercised over others. USSG Sec. 3B1.1, comment. (n. 4). More than one person can qualify as a leader or organizer, id., and there is no requirement that each factor be applicable to the affected defendant. United States v. Ospina, 18 F.3d 1332, 1337 (6th Cir.), cert. denied, 114 S.Ct. 2721 (1994).
 
 
 12
 Coburn's counsel argues that the statements of Coburn and co-defendants in the pre-sentence report, the veracity of which is not in issue, definitely did not show that the others answered to Coburn or that he was to receive a larger share of the proceeds. The statements, nevertheless, do show that at least one co-defendant had been recruited by Coburn in the past and was in an ongoing subordinate relationship to Coburn. Additionally, Coburn's own statements show that he initiated the shipment, recruited co-defendant Manning to drive Coburn from Louisiana to Michigan to get a shipment of marijuana and that he later provided a co-defendant money with which the co-defendant was to rent a motel room to await the arrival of the shipment. These unchallenged accounts of the criminal activity at issue establish factors 1, 2, 3 and 5 enumerated above. There is no clear error apparent in this regard. This appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgments are affirmed.