**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Alton Ray MILLS and Stephen D. Toarmina, Defendants– Appellees.**

**No. 97–5085.**

United States Court of Appeals, Sixth Circuit.

Argued March 11, 1998.

Decided March 31, 1998.

David C. Frederick (argued and briefed), U.S. Department of Justice, Washington, DC, Dan L. Newsom (briefed), Office of the U.S. Attorney, Memphis, Tennessee, for Appellant.

James D. Wilson (argued and briefed), Harris, Shelton, Dunlap & Cobb, Memphis, TN, A.C. Wharton, Jr. (briefed), Wharton, Wharton & Associates, Memphis, TN, James D. Causey (briefed), Causey, Caywood, Taylor, McManus & Bailey, Memphis, TN, for Appellees.

Before: KEITH, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

## OPINION

DAUGHTREY, Circuit Judge.

The defendants, Alton Ray Mills and Stephen Toarmina, were charged in a multi-count indictment with conspiracy, money laundering, extortion, and bribery in connection with the sale of deputy sheriffs' jobs in the Shelby County, Tennessee, Sheriff's Department. Prior to trial, the district court dismissed the bribery counts, ruling that the conduct charged by the government did not constitute a violation of 18 U.S.C. § 666 because the minimum transaction valuation required by the statute had not been met under the facts of this case. We affirm.

Between February 1991 and October 1994, Alton Ray Mills served as Chief Deputy Sheriff of the Shelby County Sheriff's Department in Memphis, Tennessee. Stephen Toarmina was employed during that same period as a "Staff Special Deputy" of the department. The indictment returned against the two men alleged that during the relevant time period, Toarmina approached various individuals and obtained between $3,500 and $3,930 from them in exchange for a promise that Mills, referred to as "the man downtown," would then hire them to fill open employment slots as full-time, commissioned deputy sheriffs. Mills did in fact make such appointments, and the named individuals served as fully compensated employees of the Shelby County government.

Prior to the trial on the charges, the defendants moved to dismiss six of the 18 counts in their entirety and a portion of another count on the ground that an exception listed in the relevant criminal statute precluded prosecution for the actions detailed in the challenged counts. The district court agreed

with the defendants' argument and granted the motion. The government now appeals.

■ A district court's ruling concerning the adequacy of an indictment is a question of law. This court, therefore, reviews such a decision *de novo*. *United States v. Dedhia*, 134 F.3d 802, 806 (6th Cir.1998).

In this case, the district court concluded that a statutory exception to the federal bribery statute precluded prosecution of the defendants for their alleged misdeeds. The pertinent statute, 18 U.S.C. § 666, in relevant part, provides:

(a) Whoever, if the circumstance described in subsection (b) of this section exists—

(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—

(A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—

(i) is valued at $5,000 or more, and

(ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or

(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more; or

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;

shall be fined under this title, imprisoned not more than 10 years, or both.

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

(c) This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

As noted by the district court in its order granting the defendants' motion to dismiss certain counts of the indictment, 18 U.S.C. § 666 contains three separate valuation requirements. First, the statute applies only if a local government or agency receives at least $10,000 in federal assistance in any one-year period. 18 U.S.C. § 666(b). Second, in order to be subject to the proscriptions of subsection (a)(1)(B) of the statute, a defendant must solicit, demand, accept, or agree to accept "anything of value" from another person. Finally, the acceptance of "anything of value" must itself be shown to be connected with a transaction "involving anything of value of $5,000 or more." 18 U.S.C. § 666(a)(1)(B). Consequently, in its drafting of the statute, Congress made clear that, despite its abhorrence for acts of bribery, not every such misdeed should be subjected to federal oversight and punishment. Rather, by including in the legislation the various monetary prerequisites, Congress evidenced its intent that only the most serious instances of governmental corruption should be policed by the federal judiciary.

A second restriction on the reach of 18 U.S.C. § 666 is also built into the statute. Pursuant to the provisions of 18 U.S.C. § 666(c), "[t]his section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." It is the application of the subsection (c) exception that lies at the heart of the disagreement involved in this appeal.

The district court concluded that the subsection (c) exception reaches to all three valuation elements of § 666 offenses. The government contends, however, that the exclusion applies only "to the bribery element of Section 666(a)(1)(B) (*i.e.,* whether the lo-

cal government agent solicited or accepted 'anything of value'), and not to the transaction element (*i.e.*, whether the transaction in connection with which a bribe was received involved 'anything of value of $5,000 or more')."

 This court's first step in construing a statute is to review the language of the statute itself. *United States v. Ospina*, 18 F.3d 1332, 1335 (6th Cir.1994). Only when the language of the legislation is unclear should we look beyond the wording of the statute to the intent of the legislature. *United States v. Winters*, 33 F.3d 720, 721 (6th Cir.1994). Here, the language of the statute clearly states that *"[t]his section [i.e.,* 18 U.S.C. § 666] does not apply to bona fide salary ... paid ... in the usual course of business." Congress did not see fit to exclude explicitly from the reach of the federal courts only bona fide salaries *received by* § 666 defendants. Had it wished to do so, Congress could easily have included language to that effect in the legislation. Instead, broad language referring to the entire body of the law was used in describing the scope of the exception. As a result, bona fide salaries, wages, fees, and other compensation either *received by* or *promised by* § 666 defendants fall within the scope of the subsection (c) exception.

 In analyzing § 666's applicability to the alleged misdeeds of the defendants, the district court concluded that the Shelby County government received federal benefits in a one-year period that exceeded the statutory base of $10,000. Although the defendants contested that finding below, no challenge to that jurisdictional prerequisite is now advanced on appeal. Furthermore, the defendants do not allege that they did not receive "anything of value" for the promises of jobs as deputy sheriffs. Instead, the defendants focus their attacks solely upon the government's contention that the co-conspirators' receipt of the deputy sheriff jobs paying more than $5,000 per year establish that the transactions involved something valued at $5,000 or more.

Because the bona fide salary exception of subsection (c) must be read to apply to all of § 666, however, the value of the yearly salary of a deputy sheriff's job, *if bona fide,* should not be considered in establishing the $5,000 transactional valuation. In such a case, the values of the allegedly illegal transactions are not the salaries to be paid to deputy sheriffs for actual performance of necessary governmental duties. Rather, the only guide to determining the true values of the transactions is the money required to secure the positions in the first place. The indictment returned against the defendants clearly and specifically assigns values ranging from $3,500 to $3,930 to those jobs. Because those amounts are below the $5,000 statutory floor, the district court correctly dismissed those counts premised upon alleged violations of 18 U.S.C. § 666.[1]

 The government also insists that the salaries paid to the named co-conspirators who obtained deputy sheriff positions could not have been bona fide because of the illegal nature of the employment procurement process. They argue that the subsection (c) exception cannot, therefore, be applied to these dealings. Unfortunately for the government, the indictment does not allege that the jobs in question were unnecessary or that the individuals who obtained those employment positions did not responsibly fulfill the duties associated with their employment. In the absence of such allegations, the government has no support for its claims that the salaries paid to the deputy sheriffs were not

---

1. Prior judicial decisions interpreting the scope of 18 U.S.C. § 666(c) are inapposite to the issues now on appeal. Other circuit court cases cited by the district court and by the parties are readily distinguishable from the situations presented here. In both *United States v. Valentine*, 63 F.3d 459 (6th Cir.1995), and *United States v. Grubb*, 11 F.3d 426 (4th Cir.1993), the courts refused to apply the subsection (c) exception to § 666 prosecutions. In *Valentine,* however, the defendant misappropriated the services of public employees—clearly an unacceptable business practice. 63 F.3d at 465. In *Grubb,* the court held subsection (c) inapplicable because the co-conspirator's wages were clearly not bona fide. In fact, the court noted that "he performed little work for the Sheriff's office" and did not "perform functions for the sheriff's office on a regular basis." 11 F.3d at 431.

properly earned "in the usual course of business."

The acceptance of monetary payments by government officials for the procurement of jobs with a county law enforcement agency is reprehensible and a perversion of the ideal of fairness in government service. In its wisdom, however, Congress has apparently determined that all such instances of bribery do not merit the attention of the federal courts. Instead, many such transgressions are best left to state judicial systems for prosecution, conviction, and punishment. To differentiate between those cases to be handled in the federal system and those cases to be prosecuted in state court, Congress imposed monetary valuation thresholds on the governments and agencies subject to federal bribery laws and to the specific acts sought to be criminalized.

Congress also saw fit to exclude from the reach of the federal statute those individuals and those transactions that involved only the payment of bona fide salaries, wages, fees, and other compensation. In this case, the government failed to allege that the salaries received by individuals who paid bribes to obtain employment positions within the Shelby County government were unnecessary or unjustified. Consequently, for that reason and because the government could not otherwise establish that the values of the deputy positions themselves were greater than $5,000, we AFFIRM the judgment of the district court dismissing in their entirety counts 2, 4, 6, 8, 10, and 12 of the indictment against the defendants and dismissing in part count 1 of that same indictment, and we REMAND the case for further proceedings.

