**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darren LUJAN, Defendant–Appellant.**

No. 01–5538.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before: RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

*ORDER*

Darren Lujan, a federal prisoner, appeals a district court judgment imposed following his guilty plea to conspiring to distribute in excess of 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lujan was indicted in November 2000 on the conspiracy count described above in addition to two counts of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty on January 8, 2001, to the conspiracy count in exchange for the dismissal of the remaining counts. The district court sentenced Lujan on April 16, 2001, to 120 months in prison and five years of supervised release. The court also imposed a $2,000 fine. This sentence represented a downward departure from the applicable guidelines sentencing range of 135–168 months, pursuant to a government motion under USSG § 5K1.1.

Lujan's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the following issues: (1) Lujan did not receive an adequate downward departure in return for his assistance to the government; and (2) the district court erred by assigning to Lujan drugs that did not belong to him in determining his sentence. Lujan was informed of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable. We affirm the district court's judgment because the extent of the downward departure is not reviewable and there was no plain error in determining Lujan's sentence.

Lujan first argues that the district court should have departed further, considering the amount of assistance he gave to the government. This court reviews for abuse of discretion a district court's departure from a recommended sentence under the

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Sentencing Guidelines. *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Yang*, 281 F.3d 534, 545 (6th Cir.2002). However, the court has no jurisdiction over an appeal "based on a district court's failure to depart downward enough to satisfy the defendant." *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir. 1991); *see also United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996). In addition, there is "no jurisdiction over appeals which argue that the district court failed to properly weigh certain factors in departing downward." *United States v. Lively*, 20 F.3d 193, 199 (6th Cir.1994). Thus, this court lacks jurisdiction over Lujan's argument that the district court should have departed further under § 5K1.1.

Lujan also argues that the district court erroneously sentenced him based upon a drug quantity of 189.4 grams of crack cocaine, when he did not control that much cocaine base. Lujan has waived his right to challenge the quantity of drugs attributed to him by affirmatively agreeing to the drug quantity and base offense level of 32 assigned to him. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998). Offense level 32 is assigned to cases involving more than 50 but less than 150 grams of cocaine base. *See* USSG § 2D1.1(c), Drug Quantity Table. The district court sentenced Lujan according to 129.7 grams of cocaine base.

Lujan further asserts that the exact quantity of cocaine base should have been stated in the indictment pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, Lujan has forfeited any defective indictment claim by failing to raise it prior to trial. *See United States v. Ospina*, 18 F.3d 1332, 1336 (6th Cir.1994). It is further noted that this court has not construed *Apprendi* claims to be challenges to the sufficiency of the indictment. *United*

*States v. King*, 272 F.3d 366, 374 n. 3 (6th Cir.2001).

Moreover, because Lujan did not raise his *Apprendi* issue at sentencing, it is reviewed only for plain error. *Id.* at 374. The Supreme Court has held that, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). There is no plain error affecting Lujan's substantial rights in this case. Lujan agreed that his sentence would be calculated based upon more than 50 but less than 150 grams of cocaine base. For that reason, *Apprendi* is inapplicable to this case. *See United States v. Roper*, 266 F.3d 526, 531 (6th Cir.2001); *United States v. Harper*, 246 F.3d 520, 530–31 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001). Lujan was clearly notified of the potential sentence under the count to which he pleaded guilty.

Accordingly, counsel's motion to withdraw is granted. The district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.