NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0309n.06

Case No. 14-3615

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 01, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| MARTAVIOUS BRANNON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, COOK, and STRANCH, Circuit Judges.

**SILER**, Circuit Judge. Martavious Brannon ("Brannon") challenges his sentence upon his plea of guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and brandishing a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c) (Count 2). The district court sentenced him to a total term of 141 months of imprisonment. For the following reasons, we **AFFIRM**.

**I.**

In December 2008, Brannon, along with co-defendants Demetrious Wright ("Demetrious") and Dakota Wright ("Dakota"), robbed the Fifth Third Bank in Westlake, Ohio. When Brannon and Dakota exited their car, Demetrious waited for them in the getaway vehicle. Brannon and Dakota entered the bank, pointed their guns at bank employees and customers and

demanded money. Brannon and Dakota then escaped in the getaway vehicle. Demetrious drove Brannon and Dakota to Brannon's house in Cleveland where the three divided the stolen money.

In 2012, Brannon, Dakota and Demetrious were indicted for bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and brandishing a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Brannon pled guilty to both counts. At that time, he was already in custody serving a ten-year state sentence for a robbery and assault offense that occurred in 2010.

In 2014, the district court conducted a sentencing hearing. The court stated that, after a three-level reduction for acceptance of responsibility and a timely guilty plea, Brannon was assigned a total offense level of nineteen and a Criminal History Category of V. The parties agreed with these calculations, and no objections were filed to the presentence report. Based on Brannon's total offense level and criminal history, the Guidelines range for Count 1 was fifty-seven to seventy-one months of incarceration. Count 2 called for a mandatory minimum of eighty-four months. Thus, the advisory range for the two counts was 141 to 155 months of incarceration. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Brannon to 141 months of incarceration—fifty-seven months on Count 1 and eighty-four consecutive months for Count 2. It ordered the entire sentence to run consecutively to his state sentence.

## II.

Brannon challenges his sentence as substantively unreasonable. "[W]e review a district court's sentencing determination, 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

The Guidelines range for the robbery charge was fifty-seven to seventy-one months of incarceration. Brannon argues that his fifty-seven month sentence for robbery is substantively unreasonable because a shorter sentence—one below the Guidelines range—was sufficient to meet the goals of § 3553(a). Specifically, he argues that the district court should have imposed a shorter sentence because, at the time of the robbery, he was eighteen years old, was under the influence of marijuana and had only completed the tenth grade. He also argues that the court should have considered that the robbery occurred six years prior to sentencing and that he pled guilty without the benefit of a written plea agreement. Finally, Brannon argues that his sentence for Count 1 should have been less than fifty-seven months because he was required to serve a substantial amount of time for his state court robbery conviction, and Count 2 carried a mandatory minimum of seven years of imprisonment.

At the beginning of the sentencing hearing, the court considered that Brannon pled guilty and applied a one-level reduction for a timely guilty plea. *See* USSG § 3E1.11(b). The district court also recognized Brannon's age but found that it failed to justify a lesser sentence, stating "[s]adly, at a very young age, you showed a willingness to repeatedly commit violen[t] felonies, and I feel I need to send you to prison for a long time to protect the public and to deter you and others, so that's what I'm doing." Brannon's argument about his marijuana use was never made to the district court, either in his sentencing memorandum or at the sentencing hearing. Although the district court did not specifically mention Brannon's education level when imposing the sentence, his educational background was set forth in the PSR, which was reviewed and considered by the court.

Despite Brannon's argument that there was a significant period of time—six years— between the crime and the sentencing, "[s]ection 3553(a) does not list the amount of time that

passed between the date of a defendant's crime(s) and his sentencing as a basis for lowering or raising a sentence." *United States v. Davis*, 537 F.3d 611, 615 (6th Cir. 2008). In *Davis*, we recognized that, in order for a district court to rely on a delay in sentencing, "at a minimum" there must be "some evidence that the government bears unjustified responsibility for the delay and that the defendant suffered from the delay." *Id.* No such evidence is present here. Thus, it was proper for the court not to consider the six-year gap between the crime and the sentencing.

Finally, in discussing the sentence for the robbery charge, the court stated that, "if I ran that sentence concurrent rather than consecutive [to the state court sentence], I wouldn't be giving full credit to the prior sentence and to your dangerousness and propensity to commit violent felonies." Therefore, when sentencing Brannon to fifty-seven months on the robbery charge to run consecutively to his state court sentence, the court took into account the length of Brannon's state sentence, which he was currently serving, as well as the two charges at issue in the present case.

In sum, Brannon's argument is that the district court erred by not giving the favorable aspects of his history and characteristics the weight that he believed they deserved and by relying too heavily on an unfavorable aspect of his history and characteristics—his state court conviction and sentence. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (recognizing that balancing the § 3553(a) sentencing factors "is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence"). We conclude that Brannon's sentence is substantively reasonable.[1]

---

[1] Brannon also argues as part of his challenge to the substantive reasonableness of his sentence that "there appear to be a lack of any findings why 57 months was an appropriate sentence." This is actually a challenge to the procedural reasonableness of his sentence. *See*

**III.**

The parties agree that the district court did not have the authority to run Brannon's sentence for Count 2 concurrently to his state sentence or to his sentence for Count 1. Put another way, the parties recognize that Brannon faces a minimum of seven years for Count 2 consecutive to his ten-year state sentence.

Brannon, however, claims that the district court erred in running his fifty-seven month sentence for Count 1 consecutively, rather than concurrently, to his state sentence without sufficient explanation. Brannon concedes that he did not raise this procedural challenge before the district court, even after being given an opportunity to do so. Consequently, plain-error review applies, "which requires [Brannon] to show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Pursuant to 18 U.S.C. § 3584(a), the district court has the discretion to run the sentence for the bank robbery conviction concurrently or consecutively to Brannon's state sentence. Both in his sentencing memorandum and at the sentencing hearing, Brannon requested that his

---

*United States v. Cochrane*, 702 F.3d 334, 344 (6th Cir. 2012) (stating that procedural reasonableness of a sentence requires examining whether the district court "adequately articulated its reasoning for imposing the particular sentence chosen" (quoting *Bolds*, 511 F.3d at 581)). Plain error applies because Brannon did not raise this issue before the district court after being given an opportunity to do so. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). Brannon relies on *United States v. Watkins*, 450 F. App'x 511, 516-17 (6th Cir. 2011), in which we held that "the district court not only failed to provide *adequate* reasoning, it failed to provide *any* reasoning" for the sentence it imposed. *Watkins* is distinguishable from the present case because in *Watkins*, immediately following the government's argument and without *any* explanation for the length of the sentence, the district court announced the sentence. *Id.* at 513-14. Here, the district court explained its reasons for the fifty-seven month sentence, which include, among other things, the dangerousness of the offense, Brannon's recidivism, the impact of Brannon's armed robbery on the bank teller, the need to protect the public and general and specific deterrence. Thus, Brannon's procedural reasonableness challenge also fails.

sentence for Count 1 be imposed concurrently to the state sentence. The Government opposed this request in its sentencing memorandum and at the hearing.

Pursuant to 18 U.S.C. § 3584(b), the district court was required to consider the § 3553(a) factors in determining whether to run Brannon's sentence for Count 1 concurrently or consecutively to his state sentence. "Although the district court was not required to state a specific reason for a consecutive sentence, it was nevertheless obliged to make generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012) (internal quotation marks and citation omitted).

Here, the district court explained why it ran the sentences consecutively. First, after considering the nature and circumstances of the offense and Brannon's history and characteristics, the district court determined the sentence it planned to impose. Specifically, the court stated: "I'm going to sentence you to 141 months custody of the Attorney General, so that's 57 months on Count 1 and 84 months consecutive to that for Count 2, which was using the firearm." Next, after considering the nature and circumstances of the offense, as well as Brannon's history and characteristics, the court explained its rationale for running the sentence consecutively to the state sentence:

> And I'm going to run this entire sentence consecutive to your state sentence. I think that is necessary. First, it is a totally unrelated robbery and use of a firearm. Although it precedes the one for which you were sentenced in state court in 2011, this is a separate and independent robbery.
>
> Sadly, at a very young age, you showed a willingness to repeatedly commit violen[t] felonies.

Then, the court weighed the nature and circumstances of the offense and Brannon's history and characteristics against the factors under § 3553(a)(2)—the need for the sentence imposed. The

court considered the need to protect the public, to deter Brannon as well as others, to provide just punishment and to account for the seriousness of the offense:

> I feel I need to send you to prison for a long time to protect the public and to deter you and others, so that's what I'm doing. And I think if I ran that sentence concurrent rather than consecutive, I wouldn't be giving full credit to the prior sentence and to your dangerousness and propensity to commit violent felonies, so that's what I'm doing.

The district court was well aware that it had the discretion to run Brannon's robbery conviction sentence concurrently or consecutively to his state sentence. And, after considering the § 3553(a) factors and the parties' arguments, it exercised its discretion and chose to run the robbery sentence consecutively to the state sentence. Accordingly, we find no error.

## IV.

Brannon's final argument on appeal is that his guilty plea was not entered into knowingly and voluntarily because the district court failed to expressly instruct him during the plea colloquy that his sentence for brandishing the firearm, in violation of 18 U.S.C. § 924(c), was required to be served consecutively to his state sentence pursuant to § 924(c)(1)(D). Brannon never raised this argument before the district court. Therefore, we review this claim for plain error. *See Vonner*, 516 F.3d at 386. "If a defendant fails timely to object to a Rule 11 violation, the standard shifts to plain error and the burden is on the defendant to show that *but for* the error, he would not have pleaded guilty." *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012) (emphasis added) (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 82-83 (2004)).

The requirement under Federal Rule of Criminal Procedure 11(b)(1) to inform a defendant of the "maximum possible penalty" applies only to the sentence for federal crimes subject to the plea and does not require the district court to examine the impact of a plea on prior state court sentences. "Fed. R. Crim. P. 11[(b)(1)] requires that in the submission of a guilty

plea, the district court must inform the defendant of the maximum possible penalty provided by law."[2] *Williams v. United States*, 47 F. App'x 363, 366 (6th Cir. 2002) (internal quotation marks omitted). "The purpose of this rule is to ensure that the defendant is not induced to change his plea because of a totally unrealistic expectation as to how mild a sentence he might receive." *Id.* (internal quotation marks omitted).

In *United States v. Ospina*, the defendant pled guilty to possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). 18 F.3d 1332, 1333 (6th Cir. 1994). When the defendant in *Ospina* was sentenced for the federal charge, he was serving two consecutive sentences of fifteen years to life for state charges. *Id.* at 1333 & n.1. Similar to the present case, the § 924(c) charge in *Ospina* required that the mandatory minimum sentence be served consecutively to any other sentence. The defendant claimed on appeal that his plea was involuntary because the district court failed to inform him that his federal sentence was required to run consecutively to his state sentence. *Id.* at 1333. In holding that the defendant's plea was not involuntary, this court noted that "there is no requirement in Fed. R. Crim. P. 11 that the court explicitly admonish a defendant that a sentence may be imposed consecutively." *Id.* at 1334; *see also United States v. Hurlich*, 293 F.3d 1223, 1231 n. 4 (10th Cir. 2002) (noting that most circuits agree that "courts need not warn defendants prior to the entry of a plea bargain that their federal sentences may run consecutive to their state sentences").

Here, when the district court informed Brannon of the maximum sentence for each of the two counts during the plea colloquy, it also told Brannon that his sentence for the § 924(c)

---

[2] At the time we decided *Williams*, Rule 11(b)(1) was enumerated under Rule 11(c). *See Spiridigliozzi v. United States*, 117 F. App'x 385, 392 (6th Cir. 2004) (noting that Rule 11(b)(1)'s predecessor is Rule 11(c)(1)); Fed. R. Crim. P. 11 advisory committee's note (2002) ("Amended Rule 11(b)(1) requires the court to apprise the defendant of his or her rights before accepting a plea of guilty . . . . The Committee determined to expand upon the incomplete listing in the current rule of the elements of the 'maximum possible penalty.'").

offense must run consecutively to his sentence for the federal robbery offense. The district court's failure to inform Brannon that his sentence for the § 924(c) offense must run consecutively to his state sentence is not reversible error.

**AFFIRMED.**