UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Lee NEELY, Defendant–
Appellant.

No. 93–55232.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1993.*

Decided Oct. 20, 1994.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

3

Michael Lee Neely, pro se.

John R. Kraemer, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before BROWNING, BEEZER, and TROTT, Circuit Judges.

PER CURIAM:

We consider the effect of subsequent changes in Title 18 of the United States Code on our holding in *United States v. Myers*, 451 F.2d 402 (9th Cir.1972), that a federal defendant subject to state prosecution can enter a federal guilty plea knowingly and intelligently only if he or she has been informed that the court lacks authority to impose a sentence to be served concurrently with any state sentence subsequently imposed. We conclude that *Myers* is still good law.

### I.

In October 1988, Michael Lee Neely was charged with conspiracy and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), 846. While these charges were pending, Neely was taken into state custody on California drug charges.

Later that year, a federal writ of habeas corpus *ad prosequendum* issued, directing state officials to produce Neely in federal court for arraignment. On January 20, 1989, Neely pleaded guilty to the federal charges. The following month, he pleaded guilty to the state charges and was sentenced to fifty-two months in prison. Mistakenly believing Neely was already serving a federal sentence, the state court ordered the two sentences served concurrently.

Neely was subsequently sentenced on the federal charges to ninety months in prison and three years of supervised release. The district court did not indicate whether Neely would serve his federal sentence concurrently with or consecutively to any state sentence.

After his release from state prison Neely began serving his federal sentence. He apparently received no credit toward his federal sentence for time served in state custody. Neely then filed this motion pursuant to 28 U.S.C. § 2255,[1] effectively contending the district court committed constitutional error in accepting his guilty plea without informing him that his federal sentence could be served consecutively to his state sentence. *See* 28 U.S.C. § 2255. The district court denied the petition. We reverse.

### II.

We held in *Myers* that, before accepting a guilty plea, a district court must inform a federal defendant against whom state charges are pending that a federal court lacks authority to impose a sentence to be served concurrently with a state sentence. 451 F.2d at 403–05. *Myers* involved a federal statute, 18 U.S.C. § 3568,[2] which rendered

---

1. Although Neely relies upon Rule 11, *pro se* pleadings must be construed liberally. *E.g., United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir.1990). Accordingly, we treat his claim as a due process challenge to his federal conviction. *Cf. United States v. Wills*, 881 F.2d 823, 825 (9th Cir.1989).

2. Although the statute at issue in *Myers* has been superseded by 18 U.S.C. § 3585, *see* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat.1976, 1987, 2001 (effective Nov. 1, 1986), the law under the new statute remains the same in cases in which the defendant is not already subject to the sentence of

the district court "powerless to impose a federal sentence to run concurrently with any state confinement." 451 F.2d at 403 n. 1, 404. Under section 3568 as we interpreted it at that time,[3] "[t]he most the district judge could have done was to have recommended to the prison authorities that a federal sentence be made concurrent with ... state confinement." *Id.* at 404. Because a defendant's federal sentence might run consecutively to any state sentence imposed, we concluded that the court had a duty to warn the defendant of this possibility before accepting his guilty plea. *Id.* at 404–05. While our ruling in *Myers* was based on an earlier version of Federal Rule of Criminal Procedure 11, *see id.* at 403–04, we have since recognized a constitutional dimension to the decision. *See United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989).

If *Myers* remains the law of this circuit, it controls the present case. Neely and the defendant in *Myers* were in virtually identical positions at the time of their respective Rule 11 hearings. Like Myers, Neely was in state custody on pending state charges at the time of his federal guilty plea. In both cases the judge presiding over the Rule 11 hearing had signed the writ of habeas corpus *ad prosequendum* to secure the defendant's presence in federal court and was, thus, manifestly aware of the defendant's state custody. We must, therefore, decide whether *Myers* is still good law.

■ After *Myers* was decided and before Neely was indicted, 18 U.S.C. § 3584 became effective. *See* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 2000 (1985). The statute invests a federal court with discretion to impose a sentence to run either concurrently with or consecutively to "undischarged term[s] of imprisonment" to which a defendant is "already subject."[4] The government contends that the presence of this discretion distinguishes the instant case from *Myers* by rendering the consecutive sentence a mere "collateral consequence" of which the defendant need not be warned. *See Wills,* 881 F.2d at 825.

We addressed a similar argument in *Wills.* In that case, which also arose under section 3584, we held that due process does not require that a federal defendant be informed at the time he pleads guilty of the possibility that his federal sentence could run consecutively to a state sentence which he is already serving. Because a federal court has discretion under section 3584 to order a sentence to run concurrently with another sentence to which the defendant is "already subject," the imposition of consecutive sentences is not a "direct consequence" of a federal guilty plea of which a defendant must be advised. *Id.* at 825–27.

■ *Wills* is distinguishable from both *Myers* and this case. Neither Myers nor Neely was subject to a state sentence at the time of his federal guilty plea. This distinction is significant because, under section

another court. *See United States v. Wilson,* —— U.S. ——, ——, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992) ("the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568"); *see also United States v. Checchini,* 967 F.2d 348, 349 (9th Cir.1992) (under section 3585(b), the Attorney General rather than a federal court determines the credit a federal prisoner receives for prior custody); *cf. Del Guzzi v. United States,* 980 F.2d 1269, 1271 (9th Cir.1992) (federal courts lack jurisdiction to credit defendant's federal sentence with time served on a state sentence, even though the state sentencing judge ordered the two sentences to run concurrently).

3. We subsequently modified our interpretation of that statute, however, to permit the district court to order a sentence to be served consecutively to a sentence imposed by another court. *See United*

States v. Hardesty,* 977 F.2d 1347, 1348–49 (9th Cir.1992) (*en banc*). This development had no impact on the traditional inability of a district court to impose a sentence to run concurrently with a sentence imposed by another court. *See id.* at 1349 (citing relevant portion of *Myers* without criticism); *id.* (Pregerson, J., dissenting).

4. Section 3584 provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

3584, a federal court does not acquire discretion to impose a concurrent sentence until the defendant has been sentenced by another court. *See* 18 U.S.C. § 3584; *cf. United States v. Clayton,* 927 F.2d 491, 493 (9th Cir.1991).[5] Because Neely was not yet subject to the California sentence, the district court lacked discretion to impose a concurrent sentence at the time Neely pleaded guilty. Thus, this case is identical to *Myers* and distinguishable from *Wills.*

The government nonetheless argues for a distinction based upon the possibility that, between the entry of the plea and the time of sentencing, a federal court might acquire the discretion to order a concurrent sentence. Under the law as it existed when *Myers* was decided, a federal court could not in any circumstance order a sentence to run concurrently with a sentence imposed by another court. The enactment of section 3584, however, gives the court such discretion if the defendant is already subject to the other sentence at the time of his plea. Thus, the government notes, a federal judge could conceivably acquire the discretion to impose a sentence concurrent with a state sentence if the state sentence were imposed after the defendant's Rule 11 hearing and before his federal sentencing. *Cf. Clayton,* 927 F.2d at 493 ("[H]ad the district court delayed sentencing until the state sentence had been imposed, the court could have exercised discretion to impose a consecutive sentence."). The government submits that this possibility distinguishes *Myers* and renders Neely's consecutive federal sentence a mere "collateral consequence" of his guilty plea of which the defendant need not have been informed. *See Wills,* 881 F.2d at 825. We reject this contention.

■ The government's argument hinges on the mere possibility that, sometime after his Rule 11 hearing and before his federal sentencing, a defendant will be sentenced by another court. Federal Rule of Criminal Procedure 32(a)(1) requires, however, that a federal sentence "be imposed without unnecessary delay." *See* Fed.R.Crim.P. 32(a)(1). In the normal course of events, therefore, a federal judge will lack discretion to order a

federal sentence to run concurrently with a state court sentence imposed after entry of the defendant's federal guilty plea. As in *Myers,* then, a consecutive federal sentence remains a "direct consequence" of a guilty plea entered by a defendant against whom state charges are pending, section 3584 notwithstanding. *See Wills,* 881 F.2d at 827.

■ *Myers* stems from the fundamental principle, rooted in considerations of due process, that a guilty plea must be voluntary to be valid. For a plea to be voluntary, the defendant must "be informed of the direct consequences of the plea...." *Wills,* 881 F.2d at 825 (internal quotations omitted). Because the imposition of a consecutive sentence is a direct consequence of a federal guilty plea where the federal court lacks discretion to order a concurrent sentence, a federal defendant must be advised of the court's lack of discretion before he can enter a voluntary plea of guilty. *See id.* at 825–27.

### III.

To remedy the due process violation, the district court shall either vacate Neely's federal convictions so that he may plead anew, or modify Neely's existing federal sentence to be served concurrently with the term of imprisonment imposed by the California courts in February 1989. *See, e.g., United States v. Roberts,* 5 F.3d 365, 370 (9th Cir. 1993).

**REVERSED** and **REMANDED** with instructions.

---

5. *See also supra* note 2.