UNITED STATES of America,
Plaintiff–Appellee,

v.

John KIKUYAMA, Defendant–Appellant.

No. 96–10078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 1997.

Decided March 17, 1997.

Pamela O'Leary Tower and Elizabeth A. Fisher, Honolulu, Hawai'i, for defendant-appellant.

Edward H. Kubo, Jr. and Craig Nakamura, Assistant United States Attorneys, Honolulu, Hawai'i, for plaintiff-appellee.

Before: LAY *, GOODWIN and SCHROEDER, Circuit Judges.

LAY, Circuit Judge:

In 1994 John Kikuyama was on supervised release as part of his sentence for a 1993 bank larceny when he was charged with two new bank robberies. Under a plea agreement, he pleaded guilty to one count of violating 18 U.S.C. § 2113(a). District Judge Harold M. Fong accepted Kikuyama's plea without discussing the possibility of consecutive sentencing. In a consolidated hearing the district court sentenced Kikuyama to twelve-months incarceration for violating the conditions of his supervised release and forty-six months for the 1994 bank robbery.

_____

* Honorable Donald P. Lay, Senior Circuit Judge  for the Eighth Circuit, sitting by designation.

The sentencing judge ordered the sentences to be served consecutively. Kikuyama now appeals his conviction and sentence under § 2113(a).

Kikuyama contends his guilty plea was not voluntary because the district court failed to advise him that he was subject to consecutive sentencing. He also contends that the sentencing judge ordered the bank robbery sentence to run consecutive to the bank larceny sentence on the "sole" basis that Kikuyama needed mental health treatment and that in so basing the consecutive sentence the court abused its discretion. We affirm the conviction; however, we remand for resentencing.

## DISCUSSION

### I. *Voluntariness of Guilty Plea*

■■■ The voluntariness of Kikuyama's guilty plea is reviewed de novo. *Sanchez v. United States,* 50 F.3d 1448, 1454 (9th Cir. 1995). We find that Kikuyama's plea was not involuntary. This court has maintained that "to satisfy the due process requirement that the plea be voluntary, a defendant is entitled to be informed of the direct consequences of the plea, although it is not necessary to inform him of all possible collateral consequences." *United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989) (quotation marks and citation omitted). A consequence is "direct" where it presents "a definite, immediate and largely automatic effect" on the defendant's range of punishment. *Id.* (citations omitted). But the consequence is "collateral" where it lies within the discretion of the court to impose it. *Id.* Whether Kikuyama's consecutive sentence was a "direct" consequence, as opposed to merely a "collateral" consequence, turns on whether the district court had discretion to impose a concurrent sentence.[1]

In *Wills,* this court recognized that 18 U.S.C. § 3584(a) grants the district court discretion to impose either a concurrent or consecutive sentence. *Id.* at 826. We also recognized, however, that U.S.S.G. § 5G1.3 appeared to eliminate that judicial discretion. *Id.* Reasoning that 28 U.S.C. § 994(b)(1) requires the Guidelines to be consistent with the provisions of Title 18, this court held that § 5G1.3 does not subtract from the discretion that § 3584(a) confers. *Id.* This court has not retreated from its holding in *Wills. See United States v. Lail,* 963 F.2d 263, 264 (9th Cir.1992) ("While [U.S.S.G. § 5G1.3(a) ] appears to require consecutive terms, the district court retains the discretion to order a concurrent term under 18 U.S.C. § 3584(a).") (citing *Wills,* 881 F.2d at 826).[2]

1. We note for context the unfortunate inconsistent arguments in this case. The record suggests Kikuyama's sentencing counsel persuaded the district court that it *did* have discretion to order Kikuyama to serve his sentences concurrently:

> Ms. Tower: I would direct the Court's attention to 18 USC 3584. I know that the guidelines appear to read as mandatory. However, if the Court takes a look at 3584 of Title 18, *it is in the discretion of the Court to impose the sentences concurrently.*

Trans. of Sentencing at 15 (emphasis added). Yet on appeal, counsel now argues (for a different purpose) that "the trial court had *no discretion whatsoever* to impose a concurrent sentence." Appellant's Opening Br. at 18 (emphasis added).

At sentencing the government took the position that consecutive sentencing was mandatory for Kikuyama. Trans. of Sentencing at 15. But on appeal the government charges that "[t]he *Wills* case clearly applies to the instant case and *mandates a finding that the District Court had discretion* to order concurrent sentencing." Appellee's Answering Br. at 14 (emphasis added).

The adversarial exchange here reminds us of Justice Frankfurter's earlier observation that "advocates … are like managers of pugilistic and election contestants, in that they have a propensity for claiming everything." *First Iowa Hydro–Elec. Coop. v. Federal Power Comm'n,* 328 U.S. 152, 187, 66 S.Ct. 906, 922, 90 L.Ed. 1143 (1946)(Frankfurter, J., dissenting).

2. In *United States v. Bernard,* this court construed the 1993 version of § 5G1.3(b) and (c) to require consecutive sentences. 48 F.3d 427, 431 (9th Cir.1995). However, *Bernard* answered only whether the district court properly imposed consecutive sentences, not whether § 5G1.3 could remove the discretion that 18 U.S.C. § 3584(a) confers. Moreover, *Bernard* regarded § 5G1.3 before its more recent amendment. In *Bernard,* the version of § 5G1.3(c) at issue read:

> In any other case, the sentence for the instant offense *shall* be imposed to run *consecutively* to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

U.S.S.G. § 5G1.3(c) (Nov.1993) (emphasis added).

In contrast, at the time of Kikuyama's sentence § 5G1.3(c) read:

> In any other case, the sentence for the instant offense *may* be imposed to run *concurrently,*

We conclude that the district court had discretion under § 3584(a) to impose concurrent sentences.[3] Because the district court had discretion to impose concurrent sentences, the consecutive nature of Kikuyama's sentence was "collateral" and Judge Fong's failure to warn of its possible imposition does not render Kikuyama's plea involuntary. We therefore leave Kikuyama's guilty plea undisturbed.

## II. *The Consecutive Sentence*

■ Kikuyama next contends that under *United States v. Doering*, 909 F.2d 392 (9th Cir.1990), the district court erroneously ordered the sentence under § 2113(a) to be served consecutive with the twelve-month sentence for violating supervised release. Kikuyama argues that the district court improperly considered the alleged need for his mental health treatment.

In *Doering*, this court considered "whether *the need* for psychiatric help constitutes the type of extraordinary instance where a defendant's mental and emotional condition is relevant to the sentencing determination." 909 F.2d at 395 (emphasis in original). "The answer to this question is plainly no." *Id.* While *Doering* involved an upward departure, unlike the present case, we believe that its principle applies generally to consecutive sentencing as well. *See United States v. Harris*, 990 F.2d 594, 596–97 (11th Cir.1993); *cf. United States v. Conkins*, 9 F.3d 1377, 1385–86 (9th Cir.1993) (requiring district court expressly to indicate its legitimate reasons for imposing a consecutive sentence).

The government counters that in ordering consecutive sentences the district court expressly considered that Kikuyama had several juvenile adjudications and a manslaughter conviction, that he committed the bank robbery only four months after beginning supervised release for his bank larceny conviction, that bank robbery is a violent crime, and that Kikuyama's criminal history had escalated.

It is true the district court deemed these factors as "aggravating factors" of the crime in the process of determining at what point within the guideline range Kikuyama should be sentenced. Trans. of Sentencing at 36–37. Because of these factors the court concluded that Kikuyama's term should be forty-six months. *Id.* at 37. The court next turned to the question of consecutive sentencing. It acknowledged its discretion to impose a concurrent sentence, discussed the length of confinement Kikuyama might serve under concurrent sentencing, and then noted,

> "the Court does feel that you need mental treatment while you are incarcerated … so that you can recover from any mental problems you have…. I know this is perhaps difficult for you to accept, but I do think this is in your best interest as well as in the best interests of the community.
>
> *So,* the court is going to sentence you to 46 months to run consecutive to the 12 months in the revocation of supervise[d] release.

*Id.* at 38 (emphasis added). After Kikuyama's counsel objected to the imposition of consecutive sentencing, the court stated, "I understand. I do feel, though, that *that is in his best interest* and in my discretion, I am going to order that that be consecutive." *Id.* at 40 (emphasis added).

Read in context, it appears the reason for the consecutive sentencing was Kikuyama's presumed need for mental health treatment. This violates *Doering'*s principle that a court is not to base its sentence on the need for psychiatric rehabilitation. Recognizing that the district court could have based a consecutive sentence in this case on legitimate sentencing factors, we are compelled by *Doering* to hold that the court abused its discretion in

---

*partially concurrently, or consecutively* to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c) (Nov.1995) (emphasis added).

**3.** *United States v. Neely*, 38 F.3d 458 (9th Cir. 1994), does not require a different result. In *Neely*, this court distinguished *Wills*, holding that

because the defendant was not yet incarcerated for his state offense at the time of his guilty plea the discretion otherwise provided by § 3584 was not present. *Id.* at 460–61. Unlike *Neely*, the present case falls under the first clause of § 3584(a), which grants discretion to sentence concurrently where "multiple terms of imprisonment are imposed on a defendant at the same time." *Neely* is inapposite.

relying in any part on Kikuyama's perceived need for mental health treatment. *See Doering,* 909 F.2d at 394 (finding error where the district court "at least in part" based its decision to depart upward "upon [the defendant's] need for psychiatric treatment"); *see also* 18 U.S.C. § 3582(a) (in determining length of term of imprisonment, court must "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation"); *United States v. Anderson,* 15 F.3d 278, 280–81 (2d Cir.1994) ("a court may not imprison as a means of promoting rehabilitation or serving medical needs") (quoting *Mistretta v. United States,* 488 U.S. 361, 367, 109 S.Ct. 647, 652, 102 L.Ed.2d 714 (1989)) (internal quotation marks and brackets omitted); *United States v. Maier,* 975 F.2d 944, 946–47 (2d Cir.1992) ("Congress wanted to be sure that no defendant was locked up in order to put him in a place where it was hoped that rehabilitation would occur. Incarceration would have to be justified by such traditional penological purposes as incapacitation, [deterrence], and retribution.").

We note that the factors the district court considered in determining Kikuyama's sentence within the guideline range may separately provide a basis for consecutive sentencing, along with the Commission's obvious preference for consecutive sentencing in cases such as this. *See* U.S.S.G. § 5G1.3, comment. (n. 6). Nevertheless, we vacate and remand for resentencing to permit the district court to exercise its discretion in a manner unrelated to Kikuyama's need for mental health treatment.

Judgment of the conviction is affirmed; the case is remanded for resentencing.