116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Michael A. WILSON, Defendant-Appellant.
 No. 96-10128.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided June 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR 95-00022-RGS; Roger Strand, District Judge, Presiding.
 Before: HUG, Chief Judge; THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Michael Wilson appeals his 151-month sentence imposed following his plea of guilty to charges that he conspired to smuggle illegal drugs into the Federal prison where he was serving a ten-year sentence for unarmed bank robbery. We have jurisdiction under 28 U.S.C. section 1291, and we dismiss the appeal, with instructions to the district court to correct an error in Wilson's term of supervised release.
 
 I.
 
 3
 Wilson raises several arguments attacking the validity of his sentence: (1) that the Government breached the plea agreement that formed the basis of his conviction and sentence; (2) that the district court failed to give him the pre-plea advice it was required to give under Fed.R.Crim.P. 11(c); (3) that the district court was estopped to find that Wilson qualified for career-criminal status under the Sentencing Guidelines; and (4) that the district court erred in concluding that it lacked authority to depart downward in sentencing Wilson.
 
 
 4
 The Government argues that Wilson's appeal is precluded by his waiver, in the plea agreement, of his right to challenge his sentence on appeal. However, Wilson's first and second arguments implicate the validity of his contractual waiver; if the Government breached the plea agreement, or if the district court failed to provide Wilson adequate Rule 11(c) advice, then the waiver would be invalid, and Wilson's instant appeal cognizable. United States v. Gonzalez, 16 F.3d 985, 989-90 (9th Cir.1993).
 
 A.
 
 5
 Wilson argues that the Government breached its promise in the plea agreement to recommend a three-point reduction in the applicable sentencing guideline offense level for super acceptance of responsibility. However, the Government's promise appeared in the plea agreement, and the Government made explicit reference to that promise at the sentencing hearing before the sentence was imposed. RT, Change of Plea and Sentencing, at 14. Further, the record reflects that the district court understood, prior to imposing the sentence, that the Government was making the recommendation. Id. at 7. The record also reflects that the court accepted the recommendation when it imposed the sentence. Memorandum of Sentencing at p 10. Wilson does not dispute that his actual sentence reflects the three-point reduction that he hoped to gain from the Government's promised recommendation. We therefore conclude that the Government did not breach its promise to make the recommendation for reduction in Wilson's applicable Guideline offense level.
 
 
 6
 Moreover, even if the Government had technically breached the agreement by not explicitly recommending the reduction at sentencing, that breach would be immaterial because, as noted above, Wilson received the only benefit he hoped to gain from his bargain with the Government--a three-point reduction in his Guideline offense level for acceptance of responsibility.
 
 
 7
 The cases relied upon by Wilson are therefore inapposite.[1] We conclude that the Government did not breach its promise to recommend a three-point reduction at sentencing.
 
 B.
 
 8
 Wilson next contends that his plea is invalid because the district court failed to inform him of (1) his potential sentence as a career offender, and (2) the fact that his sentence would run consecutively to his present sentence, rather than concurrently. Wilson contends that both disclosures were required by Fed.R.Crim.P. 11(c)(1), which provides:
 
 
 9
 Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 
 
 10
 (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, [and] ... the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances.
 
 1. Career offender sentence
 
 11
 Wilson's argument that he must be informed of the 151-month potential sentence under the career offender guideline is without merit. A district court is required to advise the defendant "of the minimum sentence, not the minimum guideline sentence." United States v. Maree, 934 F.2d 196, 200 (9th Cir.1991). Indeed, it would be impossible for the district court, at the time of taking the plea, to know in advance the implications of applying the guideline provisions. Id. Rather, Rule 11(c) is satisfied when the court advises the defendant of maximum and minimum statutory penalties, and, in a general way, "the implications of sentencing under the Sentencing Guidelines." United States v. Selfa, 918 F.2d 749, 752 (9th Cir.1990).[2] The Advisory Committee note on the 1989 amendment to Rule 11 (requiring disclosure regarding the Guidelines) states:
 
 
 12
 The amendment mandates that the district court inform a defendant that the court is required to consider any applicable guidelines but may depart from them under some circumstances. This requirement assures that the existence of guidelines will be known to a defendant before a plea of guilty or nolo contendere is accepted. Since it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant.
 
 
 13
 In light of this authority regarding sentencing guidelines, Wilson's attempt to characterize the career offender guideline as a statutorily-mandated minimum sentence fails. We conclude that the district court was not required by Rule 11(c) to inform Wilson about the potential 151-month career offender sentence because it was not a "mandatory minimum penalty provided by law."
 
 2. Consecutive sentence
 
 14
 Wilson contends that the district court was required under USSG section 5G1.3(a) to impose his sentence consecutively to the one he was then serving, rather than concurrently, and that this fact should have been disclosed to him under Rule 11(c)(1). Section 5G1.3(a) provides that, for offenses committed while the defendant was serving a term of imprisonment, the sentence for the instant offense "shall be imposed to run consecutively to the undischarged term of imprisonment." Wilson cites authority for the proposition that, when a sentencing judge is required to impose a consecutive rather than concurrent sentence, due process requires that that fact be disclosed prior to taking a plea of guilty or nolo contendere. See United States v. Neely, 38 F.3d 458 (9th Cir.1994).
 
 
 15
 Wilson's argument fails because the district court is not constrained to impose a consecutive rather than concurrent sentence. 18 U.S.C. section 3584(a) provides that the district court has discretion to impose either a concurrent or consecutive sentence. The apparent tension between USSG section 5G1.3(a) and 18 U.S.C. section 3584(a) has been resolved in favor of the statute; district courts retain their discretion notwithstanding the sentencing guidelines' provision to the contrary. United States V. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991).
 
 
 16
 "Since the district judge had discretion to impose either a consecutive or concurrent sentence upon [Wilson], the resulting sentence was not a 'direct consequence' of [Wilson's] plea. The judge therefore did not violate Rule 11." United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989).
 
 C.
 
 17
 In the plea agreement Wilson "waive[d] any right to raise or collaterally attack any matter pertaining to [his] prosecution and sentence if the sentence imposed is consistent with the terms of [the plea agreement]." We conclude that Wilson's waiver was knowing and voluntary, that the Government committed no material breach of its duties under the agreement, and that the sentence imposed is consistent with the terms of the agreement. Accordingly, Wilson has waived his right to challenge his sentence on appeal, and we need not address the remainder of his arguments.
 
 II.
 
 18
 At oral argument the Government pointed out an error in Wilson's sentence--the district court sentenced Wilson to five year's supervised release following the discharge of his term of imprisonment, rather than the three-year term that the court referred to before taking Wilson's plea. RT, Change of Plea and Sentencing, at 6. We therefore direct the district court to correct its sentence to reflect the proper term of supervised release.
 
 III.
 
 19
 Wilson's appeal is DISMISSED. The district court is ordered to amend Wilson's sentence to reflect the proper term of supervised release.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See Gonzalez, 16 F.3d 985 (Government breached promise not to oppose Guideline reduction by explicitly recommending against reduction; defendant did not receive reduction at sentencing); United States v. Myers, 32 F.3d 411 (9th Cir.1994) (Government failed to make promised recommendation for low-end Guideline sentence, instead stressing seriousness of defendant's offense; court sentenced at high end of Guideline range)
 
 
 [2]
 The district did inform Wilson generally of the applicability of the Sentencing Guidelines to his sentence. RT, Change of Plea and Sentencing, at 6