145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dwayne E. SPEICER, Defendant-Appellant.
 No. 97-30322.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 MCDONALD, J. Presiding
 
 
 1
 Federal prisoner Dwayne E. Speicher appeals his 24-month sentence imposed following the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review a district court's departure from the Guidelines for abuse of discretion. See United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).
 
 
 2
 Speicher contends that the district court abused its discretion in departing upwards from U.S.S.G. § 7B1.4 to facilitate a perceived need for drug rehabilitation. This contention lacks merit because the district court expressly sentenced Speicher based on his defiance of the first two conditions of his supervised release. See 18 U.S.C. § 3553(a)(2)(4); cf. United States v. Kikuyama, 109 F.3d 536, 538 (9th Cir.1997) (departure expressly based on need for mental health rehabilitation found impermissible). Accordingly, the district court did not abuse its discretion. See Sablan, 114 F.3d at 916; U.S.S.G. § 7B1.4 n. 4 (1995) (allowing an upward departure where the original departure was the result of a downward departure).
 
 
 3
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4