PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------
No. 94-6984
-------------------------------------------

D. C. Docket No. CR-94-92-N

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
1/06/99
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK LAMAR HUMPHREY,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
----------------------------------------------------------------
**(January 6, 1999)**

Before EDMONDSON and BIRCH, Circuit Judges, and MORAN*, Senior
District Judge.

_____
*       Honorable James B. Moran, Senior U.S. District Judge for the
        Northern District of Illinois, sitting by designation.

EDMONDSON, Circuit Judge:

Appellant, Patrick L. Humphrey, argues on appe

district court failed to meet the requirements of

when accepting his guilty plea. We see no plain e

affirm.

## Background

Humphrey was charged with one count of posse

base with intent to distribute, in violation of 2

and one count of using and carrying a firearm

trafficking crime, in violation of 18 U.S.C. § 9246

pled guilty to both counts.

Before accepting Humphrey's plea, the district

Humphrey in the dialogue required by Fed. R. Crim.

attorney was present. The district court judge i

Humphrey of the minimum and maximum penal

count but did not inform Humphrey that the sen

served consecutively.[1]

---

[1] The following exchange took place at the Rule 11 proceeding:

The Court: Do you understand that the maximum possible penalty under Count one is a fine of not more than two million dollars, or twice the gross loss to a victim or twice the gross gain to a defendant, whichever is greater; a term of imprisonment of not less than five years and not more than forty years, or both fine and imprisonment; a period of

not less than four years of supervised release. The Court would also be required to require you to pay an assessment fee of fifty dollars on this Count. If there is any victim, the Court could order [you] to make restitution to any victim.

Under Count two you could be assessed a fine of not more than two hundred and fifty thousand dollars or twice the gross loss to the victim or twice the gross gain to the defendant, whichever is greater. There is a mandatory five-year sentence as to Count two. You could be fined and have the mandatory sentence imposed. And there is a period of not more than three years of supervised release for this offense. The Court could require you to make restitution to a victim. The Court would also have to impose a fifty-dollar assessment as to this second count.

Now, both of these counts are what

Later, Humphrey was sentenced to five years

imprisonment on each count, to be served conse

appeal, Humphrey argues that the Rule 11 proceedin

because the district court judge did not tell him th

_____

are known as guidelines cases. Have you
had any explanation as to what a
guidelines case means.

(Discussion between defendant and
defense attorney).

Defendant: Yes, sir.

. . . .

The Court: Do you understand all of
these maximum possible penalties?

Defendant: Yes.

sentences had to be served consecutively. Humphr[...]

this argument to the district court.

## Discussion

We have written that a Rule 11 proceeding mus[...] things. First, the proceeding must ensure the gui[...] of coercion. Second, the proceeding must make su[...] defendant understands the charges against him. [...] proceeding must confirm that the defendant is [...] consequences of his guilty plea. See United States[...] F.2d 665, 668 (11th Cir. 1992).

Humphrey says his Rule 11 hearing did not ensu[re]

aware of the consequences of his guilty plea becau[se]

court judge did not say that the sentence for the

must be served consecutively to the sentence for

possession count. Humphrey relies on our decisio[n]

States v. Siegel, 102 F.3d 477 (11th Cir. 1996). Siegel

court must advise a defendant of the maximum

"mandatory nature" of the penalties associated

to satisfy Rule 11. 102 F.3d at 482. Humphrey's cla[im]

failing to tell him about the consecutive nature

sentences — the district court violated Rule 11 beca[use]

7

told the mandatory nature of the penalties asso

guilty pleas.

The government argues that the requirement

were met by informing Humphrey of the minim

maximum penalties for each count. Nothing in

according to the government, explicitly requires

defendant about the consecutive nature of mult

Other circuits appear to agree – in varying degl

government's general position.[2]   Also, a Fifth C

---

[2]See, e.g., <u>United States v. Burney</u>, 75 F.3d
442, 445 (8th Cir. 1996) (no requirement
to tell defendant about mandatory
consecutive sentences); <u>United States v.
Ospina</u>, 18 F.3d 1332, 1334 (6th Cir. 1994)

that is one of our precedents suggests — but does

_____

(same); *See also* <u>Faulisi v. Daggett</u>, 527 F.2d 305, 309 (7th Cir. 1975) (no requirement to tell defendant that federal sentence may, at district court's discretion, run consecutively to state sentence); <u>Wall v. United States</u>, 500 F.2d 38, 39 (10th Cir. 1974) (no requirement to tell defendant about possible consecutive sentences if sentences are within maximum sentence stated at Rule 11 hearing); <u>Paradiso v. United States</u>, 482 F.2d 409, 415 (3rd Cir. 1973) (no requirement to inform defendant that multiple sentences might, at discretion of district court, be served consecutively); <u>United States v. Vermeulen</u>, 436 F.2d 72, 75 (2d Cir. 1970) (same). But See <u>United States v. Neely</u>, 38 F.3d 458, 460 (9th Cir. 1993) (defendant must be told that his federal sentence must run consecutively to state sentence).

9

the result advocated by the government.  See Uni...

Saldana, 505 F.2d 628, 628 (5th Cir. 1974) (no vi...

when district court fails to tell defendant that s...

to be imposed would be consecutive to sentence he...

serving).  The government also points out that h...

to object to later statements, informing Humph...

would face consecutive sentences, made in the pr...

investigation report and at the sentencing hea...

The appropriate standard of review, given Hu...

failure to object in the district court to the cons...

sentences, is plain error.  See Fed. R. Crim. P. 52(...

v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996).  "No p...

principle is more familiar ... than that a const

or a right of any other sort, may be forfeited in

well as civil cases by the failure to make timely

right before a tribunal having jurisdiction to de

United States v. Olano, 113 S. Ct. 1770, 1776 (1993) (

quotation marks and citations omitted).  An exc

rule is plain error review, codified in Fed. R. Crim

our power to review for plain error is "limited"

"circumscribed."  Olano, 113 S. Ct. at 1776.

Four requirements must be met before we can

district court for plain error.[3]  One of the four

---

[3]First, there must be an error.  Second,

that the error must be "plain." _Id_. at 1777.  A pl[...]

an error that is "obvious" and is "clear under cur[...]

No Supreme Court decision squarely supports [...]

claim.  And other circuits -- if we read the case la[...]

favorably to Humphrey -- are split on Humphrey'[...]

similar arguments.[4]  Also, we have never resolv[...]

---

the error must be plain. Third, the error must affect substantial rights of the defendant. Fourth, the error must seriously affect the fairness, integrity, or public reputation of a judicial proceeding. _Olano_, 113 S. Ct. at 1776. We address only the second requirement in today's opinion.

[4]_See_ _supra_ note 2.

of these circumstances point to no plain error

In _Siegel_,[5] the district court abused its discre

---

[5]The Court, in _Olano_, specifically declined to address "the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified." 113 S. Ct. at 1777. After _Olano_, we have considered decisions made between the alleged error of the district court and the appeal when deciding if an error is plain. See _United States v. Antonietti_, 86 F.3d 206, 208-09 (11th Cir. 1995) (Sentence based on definition of "marijuana seedling," when definition changed in defendant's favor after sentencing, is plain error) (dicta or unclear alternative holding); _United States v. Walker_, 59 F.3d 1196, 1198 (11th Cir. 1995) (conviction based on a statute later ruled unconstitutional after defendant's

failing to inform the defendant, among other t[

sentences would have to be served consecutively.

however, treated all the facts before it as mater

decision.[6]  At most, Siegel decided that -- when a d[

_____

trial is plain error). We will consider
Siegel.

[6]The Siegel court took into account all of
these facts:

> It is undisputed that neither
> the district court nor the
> government informed Siegel
> during the Rule 11 proceedings of the
> twenty-year maximum sentences
> that he could receive on Counts
> Four, Five, and Six.  Moreover, it is
> uncontroverted that neither the
> district court nor the government
> advised Siegel that he would be

does not inform the defendant of the maximum

associated with three counts, of the mandatory

sentences associated with two counts, and of the

nature of a sentence associated with one count

---

required to serve a five-year
mandatory minimum prison
sentence if he pled guilty to the
offense charged in Count Seven.
Further it is undisputed that the
district court failed to advise
Siegel that if he pled guilty to Count
Eight he would be required to serve
a twenty-year mandatory
minimum sentence, to be served
consecutively to the sentences
imposed on Counts One through
Seven.

Siegel, 102 F.3d at 482.

collectively amount to reversible error. *Siegel* d...

as Humphrey insists it did decide -- that each one...

standing alone, would justify reversing the distr...

more specific, the *Siegel* court did not decide that...

like those in the present case (involving manda...

consecutive sentences only) amounted to revers...

Because the *Siegel* case is not materially similar...

case, no plain error based on *Siegel* is present i...

Without precedent directly resolving Humphre...

claim, we conclude the district court's alleged err...

"obvious" or "clear under current law." *See Unite...*

*Thompson,* 82 F.3d 849, 856 (9th Cir. 1996) ("Becaus...

split, the lack of controlling authority, and the fa

at least some room for doubt about the outcome

cannot brand the court's failure to exclude the e

error' ") (footnote omitted). The error in this ca

an error), therefore, is not plain. See Olano, 113 .

Without a "plain" error, we lack authority to reverse the district court. See id. We express no view as to whether the district court committed an error other than a plain error.

AFFIRMED.

17