UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose GARCIA–URBANO, aka, Jesus
Flores, Defendant–Appellant.

No. 00–10521.
D.C. No. CR–00–597–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and
FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Garcia–Urbano appeals his guilty plea conviction and 63–month sentence imposed for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Garcia–Urbano's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no meritorious issues for review and seeking to withdraw as counsel of record. Garcia–Urbano has not filed a pro se supplemental brief.

In the *Anders* brief, counsel raises the potential issue of whether he denied Garcia–Urbano effective assistance of counsel by incorrectly estimating the likely sentencing guidelines range. We decline to address this issue because claims of ineffective assistance of counsel are generally inappropriate on direct appeal and should be raised, instead, in a 28 U.S.C. § 2255 proceeding. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (allowing review only with sufficiently developed record or obviously deficient representation).

Counsel also raises the potential issue of whether Garcia–Urbano's guilty plea was unknowing and involuntary because counsel misinformed him about the sentencing range he would be facing. We review de novo the voluntariness of a guilty plea, *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir.1997), and conclude that Garcia–Urbano knowingly and voluntarily pleaded guilty. At the plea hearing, Garcia–Urbano acknowledged that he faced a sentence of 30 to 78 months, that he had not been promised anything else, and that no one could predict his criminal history category. Even though Garcia–Urbano's attorney incorrectly predicted the criminal

history category, he did not grossly mischaracterize the consequences of Garcia–Urbano pleading guilty. *See United States v. Michlin*, 34 F.3d 896, 899 (9th Cir.1994) (stating that an attorney's erroneous prediction concerning sentencing does not allow a defendant to challenge a guilty plea unless there is a gross mischaracterization of the likely sentence).

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no other issues requiring review. Accordingly, counsel's motion to withdraw as counsel of record is **GRANTED**, and the judgment of the district court is **AFFIRMED**.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

