NO. 07-08-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2009
                                       ______________________________

TOMMY M. GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416492; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Tommy M. Garcia, appeals his conviction for the offense of forgery,
enhanced with two or more prior state jail felony convictions. Appellant entered a plea of
no contest to the allegations without any plea bargain. At the punishment phase of
appellant’s trial, appellant entered pleas of true to all enhancements. The trial court
sentenced appellant to 10 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant appeals alleging that the trial court failed to
properly admonish him about the applicable range of punishment, therefore, resulting in
his plea to be entered in violation of his due process rights under the United States
Constitution. Further, appellant contends the failure of the trial court’s admonishment
violated the statutory scheme in Texas and resulted in harmful error. We disagree and will
affirm the judgment of the trial court.
Factual and Procedural Background
          Appellant has not contested the sufficiency of the facts to support his conviction,
therefore, we will address only those facts relevant to the opinion. After appellant was
arrested for the offense of forgery, he was indicted for forgery of a check, with three prior
state jail felonies alleged as enhancements to the primary offense.


 The primary offense
is punishable as a state jail felony.


 As enhanced, the offense was punishable as a third
degree felony.


 The applicable punishment range for a third degree felony is imprisonment
for any term of not more than 10 years or less than two years and, in addition, a fine not
to exceed $10,000 could be assessed.



          On the day trial was scheduled to start, appellant decided to enter a plea of no
contest to the charged offense and a plea of true to the enhancement provisions. 
Appellant’s decision was reached while the jury panel was waiting to be seated. Upon
being advised of appellant’s decision, the trial court proceeded to admonish appellant
regarding the effect a plea of no contest could have on his residence status, if he were not
a U.S. citizen. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon 2009).


 Further,
the trial court admonished appellant that the court would not accept the plea unless
appellant appeared to be mentally competent and that the plea was freely and voluntarily
made. See art. 26.13(b). During the same period of questioning, the trial court also
inquired about appellant’s signature on certain plea papers. Appellant acknowledged that
he understood the constitutional rights that he was giving up and it was his expressed
desire to waive those rights and enter the plea of no contest. The trial court then stated,
“All right. All right. I will accept your plea of no contest. I will approve the waiver of jury. 
We will proceed in a non-jury trial with a plea of no contest.” The trial court then dismissed
the waiting jury. Upon arriving back in the courtroom, the trial judge made the following
statement, “Okay. All right. This is an open plea. It’s a plea of no contest. The Court has
accepted the defendant’s plea of no contest. The State’s intent is to put on all of your
evidence at this time.” After the State answered the trial court, the judge again stated he
had accepted the plea and further found appellant guilty of the offense of forgery as
alleged in the first paragraph of the indictment. Upon inquiring with trial counsel, whether
or not appellant intended to plead true to the enhancement paragraphs, the trial judge was
informed that appellant did intend to plead true to the enhancement paragraphs. The trial
court then stated the following, “If all of these enhancement allegations are found to be
true, then the range of punishment is two to ten years in the penitentiary and an optional
fine of up to $10,000. Do you understand that to be the range of punishment.” Appellant
answered that he understood that to be the range of punishment applicable to himself. 
Further, appellant answered in the affirmative when asked if he and the trial court had
talked about the range of punishment earlier in the proceeding. Finally, the trial court
made the following inquiry, “Okay. Understanding all of that, is it still your desire to enter
your plea of true to these enhancement allegations along with your plea of no contest to
the initial charge of forgery?”


 Appellant answered yes sir to the question asked. 
          With this record before us, appellant asserts that he was not properly admonished
and there was no substantial compliance with the applicable statutory requirements for
admonishment. See art. 26.13(c). Appellant contends this to be so because, the trial
court’s admonishment as to the range of punishment came after the plea of guilty to the
offense of forgery had been accepted by the court.
 Admonishments
          Appellant contends that the plea of no contest was invalid on both federal
constitutional and state statutory grounds. We will review each claim in turn.
Due Process Claim
          Appellant contends that the plea entered was not entered knowingly or voluntarily. 
However, appellant’s brief on this issue consists of the above statement and a citation to
two United States Supreme Court cases about the requirement that a plea be entered
voluntarily. From these general statements, appellant makes the conclusion that, because
the range of punishment was not explained “about the offense to which appellant entered
a no contest plea,” the plea was involuntary. However, appellant is wrong. 
          The range of punishment for the “offense to which appellant entered a no contest
plea” is not the range of punishment applicable to appellant. Appellant pleaded no contest
to forgery, a state jail felony, which carried a possible punishment of 180 days to two years
in a state jail facility. See Tex. Penal Code Ann. § 12.35(a) (Vernon Supp. 2008). An
admonishment on this range of punishment would not have advised appellant of the direct
consequences of entering his plea of no contest and plea of true to the enhancement
provisions. See Bousley v. United States, 523 U.S. 614, 619, 118 S.Ct. 1604, 140 L.Ed.2d
828 (1998). Because the indictment against appellant had three prior state jail felonies
alleged for enhancement purposes, the applicable punishment range was, as explained by
the trial court, not more than 10 years nor less than two years in the institutional divison, with
an optional fine not to exceed $10,000. See Tex. Penal Code Ann. § 12.34 (Vernon 2003). 
Accordingly, we find that the admonishment given by the trial court, while not the model by
which to train judges, did in fact advise appellant of the direct consequences of his plea of
no contest and true and, therefore, did not violate appellant’s due process rights. Bousley,
523 U.S. at 619. Therefore, appellant’s first issue is overruled.
Non-constitutional Statutory Violations
          Appellant also contends that the action of the trial court did not conform to the
requirements of article 26.13. Again, the purpose of this statutory scheme is to ensure that
the appellant’s plea of no contest is entered into with full knowledge of the consequences
of the plea. See State v. Jimenez, 987 S.W.2d 886, 888 (Tex.Crim.App. 1999). In the case
before the court, the consequence in question was the applicable punishment range. 
Appellant desires to couch the inquiry as to the charge appellant formally uttered the phrase
no contest to which, as pointed out above, did not include the applicable range of
punishment. The only direct consequence of appellant’s plea of no contest and true to the
enhancement allegations was the length of any incarceration and fine. Id. at n.6, citing
United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir. 1997). A review of the record
demonstrates that, before appellant had completed his plea of no contest, the direct
consequences of the plea were known to him. The fact that the applicable range of
punishment was not fully explained until the issue of the enhancements paragraphs was
considered does not impact the fact that prior to finishing the plea, appellant was in full
possession of all the information regarding the direct consequences of the plea. With the
knowledge of those facts, appellant continued to insist on entering the plea. Therefore, this
plea was in substantial compliance with the statutory scheme. See art. 26.13(c). 
Accordingly, appellant’s second issue is overruled.
          Furthermore, we note that even if we found that the trial court’s efforts at admonishing
appellant were not in substantial compliance with the statutory scheme, the record before
us does not support the conclusion that such defective admonishment affected a substantial
right of appellant. See Tex. R. App. P. 44.2(b). When we consider the record as a whole,
we have better than a fair assurance that the appellant’s decision to enter a plea of no
contest would not have changed had the trial court admonished appellant exactly as required
under the statute. See Anderson v. State, 182 S.W.3d 914, 919 (Tex.Crim.App. 2006). 
Accordingly, we conclude that error, if any, was harmless. See Tex. R. App. P. 44.2(b).



Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
   
 
                                                                           Mackey K. Hancock

                                                                                     Justice

 
 
 
Do not publish.