NO. 07-08-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2009
_____

TOMMY M. GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416492; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Tommy M. Garcia, appeals his conviction for the offense of forgery, enhanced with two or more prior state jail felony convictions. Appellant entered a plea of no contest to the allegations without any plea bargain. At the punishment phase of appellant's trial, appellant entered pleas of true to all enhancements. The trial court sentenced appellant to 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals alleging that the trial court failed to properly admonish him about the applicable range of punishment, therefore, resulting in

his plea to be entered in violation of his due process rights under the United States Constitution. Further, appellant contends the failure of the trial court's admonishment violated the statutory scheme in Texas and resulted in harmful error. We disagree and will affirm the judgment of the trial court.

Factual and Procedural Background

Appellant has not contested the sufficiency of the facts to support his conviction, therefore, we will address only those facts relevant to the opinion. After appellant was arrested for the offense of forgery, he was indicted for forgery of a check, with three prior state jail felonies alleged as enhancements to the primary offense.[1] The primary offense is punishable as a state jail felony.[2] As enhanced, the offense was punishable as a third degree felony.[3] The applicable punishment range for a third degree felony is imprisonment for any term of not more than 10 years or less than two years and, in addition, a fine not to exceed $10,000 could be assessed.[4]

On the day trial was scheduled to start, appellant decided to enter a plea of no contest to the charged offense and a plea of true to the enhancement provisions. Appellant's decision was reached while the jury panel was waiting to be seated. Upon being advised of appellant's decision, the trial court proceeded to admonish appellant

---

[1] TEX. PENAL CODE ANN. § 32.21(d) (Vernon Supp. 2008).

[2] Id.

[3] TEX. PENAL CODE ANN. § 12.42(a)(1) (Vernon Supp. 2008).

[4] TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

regarding the effect a plea of no contest could have on his residence status, if he were not a U.S. citizen. See TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 2009).[5] Further, the trial court admonished appellant that the court would not accept the plea unless appellant appeared to be mentally competent and that the plea was freely and voluntarily made. See art. 26.13(b). During the same period of questioning, the trial court also inquired about appellant's signature on certain plea papers. Appellant acknowledged that he understood the constitutional rights that he was giving up and it was his expressed desire to waive those rights and enter the plea of no contest. The trial court then stated, "All right. All right. I will accept your plea of no contest. I will approve the waiver of jury. We will proceed in a non-jury trial with a plea of no contest." The trial court then dismissed the waiting jury. Upon arriving back in the courtroom, the trial judge made the following statement, "Okay. All right. This is an open plea. It's a plea of no contest. The Court has accepted the defendant's plea of no contest. The State's intent is to put on all of your evidence at this time." After the State answered the trial court, the judge again stated he had accepted the plea and further found appellant guilty of the offense of forgery as alleged in the first paragraph of the indictment. Upon inquiring with trial counsel, whether or not appellant intended to plead true to the enhancement paragraphs, the trial judge was informed that appellant did intend to plead true to the enhancement paragraphs. The trial court then stated the following, "If all of these enhancement allegations are found to be true, then the range of punishment is two to ten years in the penitentiary and an optional fine of up to $10,000. Do you understand that to be the range of punishment." Appellant

_____

[5] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ___" or "art. ___".

answered that he understood that to be the range of punishment applicable to himself. Further, appellant answered in the affirmative when asked if he and the trial court had talked about the range of punishment earlier in the proceeding. Finally, the trial court made the following inquiry, "Okay. Understanding all of that, is it still your desire to enter your plea of true to these enhancement allegations along with your plea of no contest to the initial charge of forgery?"[6] Appellant answered yes sir to the question asked.

With this record before us, appellant asserts that he was not properly admonished and there was no substantial compliance with the applicable statutory requirements for admonishment. See art. 26.13(c). Appellant contends this to be so because, the trial court's admonishment as to the range of punishment came after the plea of guilty to the offense of forgery had been accepted by the court.

## Admonishments

Appellant contends that the plea of no contest was invalid on both federal constitutional and state statutory grounds. We will review each claim in turn.

### Due Process Claim

Appellant contends that the plea entered was not entered knowingly or voluntarily. However, appellant's brief on this issue consists of the above statement and a citation to two United States Supreme Court cases about the requirement that a plea be entered

---

[6] The record clearly reflects the trial court was referring to the admonishments regarding the applicable range of punishment when he referred to "that."

voluntarily.  From these general statements, appellant makes the conclusion that, because the range of punishment was not explained "about the offense to which appellant entered a no contest plea," the plea was involuntary.  However, appellant is wrong.

The range of punishment for the "offense to which appellant entered a no contest plea" is not the range of punishment applicable to appellant.  Appellant pleaded no contest to forgery, a state jail felony, which carried a possible punishment of 180 days to two years in a state jail facility.  See Tex. Penal Code Ann. § 12.35(a) (Vernon Supp. 2008).  An admonishment on this range of punishment would not have advised appellant of the direct consequences of entering his plea of no contest and plea of true to the enhancement provisions.  See Bousley v. United States, 523 U.S. 614, 619, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  Because the indictment against appellant had three prior state jail felonies alleged for enhancement purposes, the applicable punishment range was, as explained by the trial court, not more than 10 years nor less than two years in the institutional divison, with an optional fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.34 (Vernon 2003).  Accordingly, we find that the admonishment given by the trial court, while not the model by which to train judges, did in fact advise appellant of the direct consequences of his plea of no contest and true and, therefore, did not violate appellant's due process rights.  Bousley, 523 U.S. at 619.  Therefore, appellant's first issue is overruled.

Non-constitutional Statutory Violations

Appellant also contends that the action of the trial court did not conform to the requirements of article 26.13.  Again, the purpose of this statutory scheme is to ensure that

5

the appellant's plea of no contest is entered into with full knowledge of the consequences of the plea. See State v. Jimenez, 987 S.W.2d 886, 888 (Tex.Crim.App. 1999). In the case before the court, the consequence in question was the applicable punishment range. Appellant desires to couch the inquiry as to the charge appellant formally uttered the phrase no contest to which, as pointed out above, did not include the applicable range of punishment. The only direct consequence of appellant's plea of no contest and true to the enhancement allegations was the length of any incarceration and fine. Id. at n.6, citing United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir. 1997). A review of the record demonstrates that, before appellant had completed his plea of no contest, the direct consequences of the plea were known to him. The fact that the applicable range of punishment was not fully explained until the issue of the enhancements paragraphs was considered does not impact the fact that prior to finishing the plea, appellant was in full possession of all the information regarding the direct consequences of the plea. With the knowledge of those facts, appellant continued to insist on entering the plea. Therefore, this plea was in substantial compliance with the statutory scheme. See art. 26.13(c). Accordingly, appellant's second issue is overruled.

Furthermore, we note that even if we found that the trial court's efforts at admonishing appellant were not in substantial compliance with the statutory scheme, the record before us does not support the conclusion that such defective admonishment affected a substantial right of appellant. See TEX. R. APP. P. 44.2(b). When we consider the record as a whole, we have better than a fair assurance that the appellant's decision to enter a plea of no contest would not have changed had the trial court admonished appellant exactly as required

6

under the statute.  See Anderson v. State, 182 S.W.3d 914, 919 (Tex.Crim.App. 2006).

Accordingly, we conclude that error, if any, was harmless.  See TEX. R. APP. P. 44.2(b).[7]

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

---

[7]While arguing the issue of harm, appellant entreats the court to revisit the current harm analysis and apply the constitutional harm analysis under Texas Rule of Appellate Procedure 44.2(a).  Even were we to find error, we find no reason to alter the current harm analysis.