**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 09-50217 |
| Plaintiff-Appellee, | D.C. No. 08-CR-1196-TJW |
| v. | |
| **JAMES FRANCES MURPHY**, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, presiding

Argued and Submitted, August 2, 2010
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **REINHARDT**, Circuit Judge, and
**WHYTE**,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

A district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for matters that are dispositive of a claim or defense of a party. 28 U.S.C. § 636(b)(1)(A). A motion to determine competence to represent oneself is not dispositive of a claim or defense of a party, and the magistrate judge therefore had the authority to decide the issue of Murphy's self-representation. *See United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009) ("[M]agistrate judges have the authority to decide motions for self-representation."); *United States v. Modena*, 302 F.3d 626, 630-31 (6th Cir. 2002) (upholding a magistrate judge's statutory authority to determine whether a defendant has effectively waived counsel).

The magistrate judge determined that the defendant was competent to stand trial and to represent himself. Unlike in *United States v. Ferguson*, 560 F.3d 1060, 1068-70 (9th Cir. 2009), the magistrate judge in this case had the benefit of the decision in *Indiana v. Edwards*, 554 U.S. 164 (2008), at the time she held a competency hearing. There is no evidence that the magistrate judge incorrectly believed that Murphy had an absolute right to self-representation. To the contrary, the fact that the magistrate judge ordered an examination of defendant to determine both his competence to stand trial and his competence to conduct his own defense

indicates that she understood, considered, and correctly applied *Edwards*. *See United States v. Thompson*, 587 F.3d 1165, 1172-73 (9th Cir. 2009).

The record reflects a clear and unequivocal request by Murphy to proceed without counsel and shows that Murphy did not request the assistance of advisory or standby counsel. *See United States v. Johnson*, No. 08-10147, slip op. 9565, 9582 (9th Cir. July 6, 2010).

The magistrate judge did not err in finding that Murphy understood the maximum penalty he faced on each count. There is no requirement that the defendant be advised when seeking self-representation that the maximum term on each count could run consecutively or concurrently. *Cf. United States v. Kikuyama*, 109 F.3d 536, 537-38 (9th Cir. 1997) (no requirement to advise during guilty plea colloquy that court has discretion to run sentences consecutively or concurrently).

Finally, viewing the evidence in the light most favorable to the prosecution, sufficient evidence supports defendant's conviction on count nine. A rational trier-of-fact could have found that Murphy took a substantial step towards violating 18 U.S.C. § 1036(a)(4) by claiming diplomatic status at the checkpoint. *See Jackson v. Virginia*, 443 U.S. 307, 313 (1979).

**AFFIRMED.**